**KILPATRICK TOWNSEND &
STOCKTON LLP**
R. Charles Henn Jr. (RH 3049)
The Grace Building
1114 Avenue of the Americas
New York, NY 10036-7703
Telephone:  (212) 775-8845
chenn@kilpatricktownsend.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ADIDAS AMERICA, INC., an Oregon corporation; and ADIDAS AG, a foreign entity, <br><br>                      Plaintiffs, <br><br>      v. <br><br> THOM BROWNE INC., a Delaware corporation, <br><br>                     Defendant. | 21 Civ. _____ <br><br> **COMPLAINT** <br><br> <u>**JURY TRIAL DEMANDED**</u> |

       Plaintiffs adidas America, Inc. and adidas AG (collectively, "adidas") state the following for their Complaint against Defendant Thom Browne, Inc. ("Thom Browne").

<u>**SUBSTANCE OF THE ACTION**</u>

       1.     For decades, adidas has manufactured, advertised, marketed, promoted, distributed, and sold footwear and apparel bearing its famous and distinctive Three-Stripe trademark (the "Three-Stripe Mark"). adidas owns numerous federal trademark registrations for its famous Three-Stripe Mark for apparel and footwear, many of which are incontestable, and adidas has invested hundreds of millions of dollars building its brand in connection with the Three-Stripe Mark.

2.      adidas has made exclusive use of the Three-Stripe Mark on footwear since at least

as early as 1952, and on sportswear and other apparel since at least as early as 1967,

representative examples of which are depicted below:







3.      On information and belief, Thom Browne launched in 2001 as a high-end fashion

brand selling men's suits with a cropped silhouette, adding avant-garde womenswear to its

collection in 2011. In 2018, Italian luxury fashion house Ermenegildo Zegna purchased 85% of

Thom Browne, and remains the majority shareholder today.

    4.    Despite Thom Browne's knowledge of adidas's rights in the famous Three-Stripe Mark, Thom Browne has expanded its product offerings far beyond formal wear and business attire and is now offering for sale and selling athletic-style apparel and footwear featuring two, three, or four parallel stripes in a manner that is confusingly similar to adidas's Three-Stripe Mark (the "Infringing Sportswear"). Representative examples of the Infringing Sportswear, including products Thom Browne identifies as sweatshirts, sweatpants, "baseball" shirts, "jogging" pants, and "compression tights," appear below:













5.     The Infringing Sportswear is not manufactured by adidas, nor is it connected or affiliated with, or authorized or sponsored by, adidas in any way. The Infringing Sportswear imitates adidas's Three-Stripe Mark in a manner that is likely to cause consumer confusion and deceive the public regarding its source, sponsorship, association, or affiliation. Thom Browne's actions are irreparably harming adidas's brand and its extremely valuable Three-Stripe Mark.

6.     This is an action at law and in equity for trademark infringement, dilution, unfair competition, and unfair business practices arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* ("Lanham Act"); the fair business practices and unfair and deceptive trade practices acts of New York; and New York common law. Among other relief, adidas asks this

Court to: (a) permanently enjoin Thom Browne from distributing, marketing, or selling apparel and footwear using or bearing confusingly similar imitations of the adidas Three-Stripe Mark ; (b) sustain the Trademark Trial and Appeal Board's (TTAB) opposition number 91266495 to Thom Browne's PTO applications, Serial Nos. 88/794,885, 88/794,742, and 88/796,018;  (c) award adidas monetary damages and to treble that award; (d) require Thom Browne to disgorge all of its profits from its sales of the Infringing Sportswear; and (e) award adidas punitive damages, attorneys' fees, and costs.

## PARTIES

7.     Plaintiff adidas AG is a joint stock company organized and existing under the laws of the Federal Republic of Germany, having its office and principal place of business at Postach 11230, D-91072 Herzogenaurach, Federal Republic of Germany.

8.     Plaintiff adidas America, Inc. is a corporation organized and existing under the laws of the State of Oregon, having its principal place of business at 5055 N. Greeley Avenue, Portland, Oregon 97217. adidas America, Inc. directs all U.S.-based operations on behalf of adidas AG, including sales, brand marketing, product marketing, product design, public relations, distribution, enforcement, and licensing of and for ADIDAS-branded merchandise, including goods bearing the famous Three-Stripe Mark. adidas AG and adidas America, Inc., as well as any predecessors or related entities, are collectively referred to as "adidas."

9.     On information and belief, Defendant Thom Browne, Inc. is a corporation organized and existing under the laws of the State of Delaware, and has its principal place of business at 240 W. 35th Street, New York, New York 10001.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15

U.S.C. § 1121 and under 28 U.S.C. §§ 1331 and 1338. Subject matter jurisdiction over adidas's

related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

11.     This Court has personal jurisdiction over Thom Browne because, on information

and belief, (a) Thom Browne's principal place of business is in the State of New York; (b) Thom

Browne regularly transacts and conducts business within the State of New York, including in this

District; and (c) the infringing goods and services at issue have been sold and offered for sale in

this District.

12.     Venue is proper in proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1),

(b)(2), and (c)(2).

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A.     adidas's Famous Three-Stripe Mark

13.     adidas is currently, and for many years has been, one of the leading manufacturers

of athletic apparel, sportswear, footwear, and sporting equipment.

14.     At least as early as 1952, adidas began using the Three-Stripe Mark on footwear

sold in the United States. The Three-Stripe Mark quickly came to signify the quality and

reputation of adidas footwear. Pages from adidas's catalogs featuring examples of footwear

bearing the Three-Stripe Mark in various executions are attached as **Exhibit 1**.

15.     adidas is the owner of a federal trademark registration, Reg. No. 1,815,956, issued by

the United States Patent and Trademark Office ("PTO") on January 11, 1994, for the Three-Stripe

Mark, as depicted below, for "athletic footwear."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 2**.

16.     adidas is the owner of a federal trademark registration, Reg. No. 1,833,868, issued by the PTO on May 3, 1994, for the Three-Stripe Mark, as depicted below, covering "athletic footwear."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 3**.

17.     adidas is the owner of a federal trademark registration, Reg. No. 2,278,589, issued by the PTO on September 21, 1999, for the Three-Stripe Mark, as depicted below, covering "athletic footwear."



Affidavits have been filed pursuant to Sections 8 and 15 and the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 4**.

18.     adidas is the owner of a federal trademark registration, Reg. No. 3,029,129, issued by the PTO on December 13, 2005, for the Three-Stripe Mark, as depicted below, covering "footwear."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 5**.

19.    adidas is the owner of a federal trademark registration, Reg. No. 3,029,135, issued by the PTO on December 13, 2005, for the Three-Stripe Mark, as depicted below, covering "footwear."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 6**.

20.    At least as early as 1967, adidas began using its Three-Stripe Mark on apparel sold in the United States. The Three-Stripe Mark quickly came to signify the quality and reputation of adidas apparel as well. Pages from adidas's catalogs featuring examples of apparel bearing the Three-Stripe Mark in various executions are attached as **Exhibit 7**.

21.    adidas is the owner of a federal trademark registration, Reg. No. 2,058,619, issued by the PTO on May 6, 1997, for the Three-Stripe Mark, as depicted below, for "sports and leisure wear, namely shirts."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 8**.

22.     adidas is the owner of a federal trademark registration, Reg. No. 3,029,127, issued by the PTO on December 13, 2005, for the Three-Stripe Mark, as depicted below, for "clothing, namely, T-shirts, sweatshirts, jackets and coats."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 9**.

23.     adidas is the owner of a federal trademark registration, Reg. No. 2,016,963, issued by the PTO on November 19, 1996 for the Three-Stripe Mark, as depicted below, for "sports and leisure wear, namely jackets."



9

Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 10**.

24.     adidas is the owner of a federal trademark registration, Reg. No. 3,087,329, issued by the PTO on May 2, 2006, for the Three-Stripe Mark, as depicted below, for "clothing, namely, shirts, T-shirts, sweatshirts, vests, jackets and coats."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 11**.

25.     adidas is the owner of a federal trademark registration, Reg. No. 2,278,591, issued by the PTO on September 21, 1999, for the Three-Stripe Mark, as depicted below, for "sports and leisure wear, namely shorts."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 12**.

26. adidas is the owner of a federal trademark registration, Reg. No. 2,284,308, issued by the PTO, on October 12, 1999, for the Three-Stripe Mark, as depicted below, for "sports and leisure wear, namely pants."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 13**.

26. adidas is the owner of a federal trademark registration, Reg. No. 4,910,643, issued by the PTO on March 8, 2016, for the Three-Stripe Mark, as depicted below, for a variety of products, including clothing, footwear, sporting goods, and bags.



A copy of the Certificate of Registration for this mark is attached as **Exhibit 14**.

27. adidas owns numerous additional trademark registrations for the Three-Stripe Mark covering footwear and apparel (Reg. Nos. 870,136, 961,353, 2,909,861, 2,999,646, 3,063,742,

11

3,063,745, 3,183,656, 3,183,663, 3,236,505, 3,842,177, and 3,846,203). Copies of the Certificates of Registration for each of these marks are attached collectively as **Exhibit 15**.

28.     Additionally, adidas owns federal registrations for verbal trademarks using the term "Three Stripes," including THE BRAND WITH THE THREE STRIPES, Reg. No. 1,674,229, issued by the PTO on February 4, 1992, for "sport and leisure wear." Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 16**.

29.     adidas has used the Three-Stripe Mark in connection with its frequent sponsorship and collaborations with musical artists, including Beyoncé Knowles, Kanye West, Katy Perry, Pharrell Williams, Selena Gomez, and Snoop Dogg.

30.     adidas has used the Three-Stripe Mark in connection with its frequent sponsorship of athletic tournaments and organizations, as well as professional athletes and collegiate sports teams. For example, adidas has had longstanding relationships with the University of Nebraska, the University of Louisville, Arizona State University, the University of Kansas, the University of Indiana, and the University of Miami. Among many others, adidas sponsors (a) seven-time Pro Bowl selection and Superbowl 50 MVP Von Miller and 2018 NFL MVP and Super Bowl LIV champion and MVP Patrick Mahomes; (b) NBA stars James Harden and John Wall; (c) professional golfers Sergio Garcia and Dustin Johnson; and (d) soccer superstar Lionel Messi of FC Barcelona. Similarly, for many years, adidas has sponsored the world-famous Boston Marathon, the Olympic Games, and many other events, teams, and individuals.

31.     The adidas Three-Stripe Mark as used on apparel is nonfunctional, and the public recognizes and understands that the Three-Stripe Mark distinguishes and identifies adidas's products.

32.     Unsolicited media coverage has referred to adidas's "iconic trio of stripes" (Tschorn, Adam, "Timeline: Highlights from a Century of Signature Kicks," *Los Angeles Times*, February 14, 2019), "famous Adidas three stripes" (Pantorno, Joe, "Check out Yankees Aaron Judge Mother's Day Cleats," *Metro - New York*, May 10, 2018), "signature three stripes" (Butler-Young, Sheena, "The Inside Scoop on How Adidas Became One of the Industry's Most Sought-After Brands," *Footwear News*, March 14, 2017), "iconic three stripes" (Reimel, Erin, "Alexander Wang Announced a Major Collab With Adidas at Fashion Week," *Glamour*, September 11, 2016), "famous Three Stripes" (Schwartz, Rob, "Three Brands That Won At The World Cup," *Forbes*, July 13, 2014), "trademark three-stripe sneakers" (Brettman, Allan, "Adidas lifts 2012 forecast as sales in China soar in Q1," *The Oregonian*, May 1, 2012), "ubiquitous three stripes" (Brettman, Allan, "Going 'All In' Against Nike," *The Oregonian*, March 15, 2011), "trademark three-stripe logo" (Pennington, Bill, "Belts That Do More Than Hold Up Pants," *New York Times*, July 26, 2009), "iconic three stripes" ("Game Time," *Footwear News*, June 16, 2008), "signature three stripes" (Moore, Booth, "Ringing endorsements; Form follows function with much Olympic wear, but fashion and funding are also at play," *L.A. Times*, August 13, 2004), the "famous brand with the three stripes" (Whiting, Sam, "MustHave," *San Francisco Chronicle*, July 7, 2002), and the "legendary Adidas three stripes" ("Coty Inc.," *Brand Strategy*, September 27, 1999). Copies of the foregoing media articles discussing the adidas brand and the Three-Stripe Mark are attached collectively as **Exhibit 17**.

33.     For over half a century, adidas extensively and continuously has used and promoted the Three-Stripe Mark in connection with apparel and footwear. In recent years, annual sales of products bearing the Three-Stripe Mark have totaled in the hundreds of millions of dollars within the United States. The Three-Stripe Mark has achieved widespread fame and

tremendous public recognition.

34.     Since introducing the Three-Stripe Mark, adidas has spent millions of dollars promoting the mark and products bearing the mark in the United States. For example, in March 2011, adidas launched an advertising campaign in the United States "featuring Chicago Bulls guard Derrick Rose, rapper B.o.B and pop singer Katy Perry, among others," that "highlights [adidas's] imprint on the worlds of sports, music and fashion," and "show[s] the breadth and depth of the Adidas brand." A March 15, 2011 article from *The Oregonian* describing the advertising campaign is attached as **Exhibit 18**. Then, adidas launched its "Sport 15" advertising campaign, which represents adidas's biggest ad spend in the United States to date. The campaign featured soccer superstar Lionel Messi, Derrick Rose of the Chicago Bulls, and DeMarco Murray of the Dallas Cowboys. A February 13, 2015, article from AdWeek describing adidas's Sport 15 advertising campaign is attached as **Exhibit 19**. adidas's 2016 campaign featured artists such as Luka Sabbat, Kyu Steed, Aleali May, Ikwa Zhao, and Reese Cooper, while touting the fame of adidas's "signature three stripes." *See* **Exhibit 20** (Allen, Rachael, "Adidas' New Ad Campaign Is All About The Future," *Footwear News*, January 25, 2016).

35.     More recently, adidas launched its "Calling All Creators" campaign to highlight its position at the intersection of sport and culture. The campaign featured superstars from sports and beyond, including FC Barcelona striker Lionel Messi, Connecticut Sun forward Chiney Ogwumike, Portland Trail Blazers point guard Damian Lillard, Portland Thorns midfielder Lindsey Horan, Green Bay Packers quarterback Aaron Rodgers, Houston Astros shortstop Carlos Correa, rapper Pusha T, musician/producer Pharrell Williams, fashion designer Alexander Wang, and supermodel Karlie Kloss. *See* **Exhibit 21** (Oster, Erik, "Adidas Brings Superstars Like Lionel Messi and Karlie Kloss Together for a Feast in Its Latest Spot," *AdWeek*, December 20,

2017). As an official sponsor of the 2018 World Cup, adidas introduced a "flashy campaign once again sitting at the intersection of sport, culture and music," in 2018 titled *"Creativity is The Answer*." The advertisement involved "56 a-list creatives" including Lionel Messi, Caroline Wozniacki, Karlie Kloss, Pharrell Williams, Aaron Judge, and Justin Turner. *See* **Exhibit 22** (McCarthy, John, "Adidas says it 're-engineered' advertising with 'Creativity is The Answer' World Cup drive," *The Drum*, June 04, 2018). In 2019, adidas recruited tennis star Billie Jean King and ESPN host Maria Taylor to "promote visibility of women in sport" with its "She Breaks Barriers" campaign. This advertisement also "features athletes Rahaf Khatib, Keni Harrison, Becky Sauerbrunn, and Layshia Clarendon." *See* **Exhibit 23** (Smith, Jordan, "Adidas Launches Campaign for Equal Media Representation in Sport," *Runner's World*, March 12, 2019).

36.     adidas has built up and now owns extremely valuable goodwill that is symbolized by the famous Three-Stripe Mark. As a result of adidas's widespread, continuous, and exclusive use of the Three-Stripe Mark in connection with its products for over sixty-five years, the mark enjoys wide public association with adidas, has come to be recognized widely and favorably by the public in the United States as an indicator of the origin of adidas's goods, and is famous in the United States. The general purchasing public in the United States has come to associate the Three-Stripe Mark exclusively with adidas.

**B.     Thom Browne's Infringing Conduct**

37.     Known for its tailored and cropped men's suits and jackets and avant-garde womenswear, Thom Browne has, more recently, encroached into direct competition with adidas by offering sportswear and athletic-styled footwear that bear confusingly similar imitations of adidas's Three-Stripe Mark. Representative examples of Infringing Sportswear offered for sale

15

and sold by Thom Browne appear below:



  

   





38.     The Infringing Sportswear designed, manufactured, produced, distributed, marketed, promoted, offered for sale, and sold by Thom Browne is not manufactured by adidas, nor is Thom Browne associated, affiliated, or connected with adidas, or licensed, authorized, sponsored, endorsed, or approved by adidas in any way.

39.     Thom Browne's use of confusingly similar imitations of adidas's Three-Stripe Mark on the Infringing Sportswear is likely to deceive, confuse, and mislead actual and prospective purchasers before, during, and/or after purchase into believing that the Infringing Sportswear is manufactured or authorized by, or in some manner associated with adidas, which it is not.

40.     Exacerbating Thom Browne's encroachment into adidas's core market category, Thom Browne entered into a partnership with the famous European football (soccer) club FC Barcelona, beginning with the 2018-2019 season and continuing today. In connection with that partnership, Thom Browne has promoted its goods using images associated with soccer and even several soccer players that are sponsored by adidas, including most notably Lionel Messi. An October 4, 2018 article in GQ entitled "How Thom Browne Became Lionel Messi's Tailor of Choice" noted the overlap with the subtitle: "Fresh off a Zegna acquisition, the *other* Three

17

Stripes debuts its latest inroads into athletic-wear, with F.C. Barcelona." A true and correct copy of this article is attached as **Exhibit 24**.

41.     In addition, Thom Browne filed applications with the U.S. Patent and Trademark Office to register various two-stripe designs on apparel, Serial Nos. 88/794,885, 88/794,742, and 88/796,018 ("Defendant's Applications"). On December 14, 2020, adidas filed an opposition in the Trademark Trial and Appeal Board (No. 91266495), seeking to prevent registration of Defendant's Applications. The Parties agreed to an extension of time in hopes of resolving this matter amicably, but, as discussed below, those efforts have failed.

42.     adidas used its famous Three-Stripe Mark extensively and continuously—and the Three-Stripe Mark became famous among the general public in New York and the United States—long before Thom Browne began distributing, marketing, promoting, offering for sale, or selling the Infringing Sportswear.

43.     Thom Browne was familiar with adidas's famous Three-Stripe Mark when it began designing, manufacturing, producing, distributing, advertising, selling, and offering for sale the Infringing Sportswear, it was likewise familiar with adidas's rights when it began selling new Infringing Sportswear after adidas communicated its objections, and Thom Browne was familiar with adidas's famous Three-Stripe Mark when it filed Defendant's Applications.

44.     On information and belief, Thom Browne knowingly, willfully, intentionally, and maliciously adopted and used confusingly similar imitations of the adidas Three-Stripe Mark on the Infringing Sportswear.

45.     The likelihood of confusion, mistake, and deception engendered by Thom Browne's misappropriation of adidas's Three-Stripe Mark is causing irreparable harm to the goodwill symbolized by the adidas Three-Stripe Mark and the reputation for quality that it

embodies.

**C.     adidas's Lengthy Efforts to Resolve this Dispute Without Litigation**

46.     The present dispute began in 2018, when adidas opposed a trademark application that Thom Browne filed in the European Union for the two-stripe design depicted below:



47.     Shortly thereafter, adidas began investigating Thom Browne's product lines in the United States, which included a two- and four-stripe goods. In the summer and fall of 2018, adidas's in-house counsel attempted to negotiate a resolution with counsel for Thom Browne.

48.     After the efforts of in-house counsel proved fruitless, in early 2019, adidas referred the matter to outside counsel for further negotiation efforts. Outside counsel for adidas (Charlie Henn) first contacted counsel for Thom Browne (James Donoian) in February 2019, but Mr. Donoian did not respond until May 2019, at which point Mr. Donoian referred Mr. Henn to different counsel (Harley Lewin).

49.     In October 2019, counsel for adidas sent counsel for Thom Browne a draft settlement agreement. After numerous follow-up emails during November and early December, Mr. Lewin finally provided a narrative response to the settlement draft in December 2019.

50.     The COVID-19 pandemic substantially slowed negotiations during 2020. In March 2020, adidas's counsel followed up and requested a redline of the settlement agreement from Mr. Lewin. Mr. Lewin noted that the pandemic would delay a response because the relevant principals at Thom Browne were "scattered all [over] the Globe under various restrictions."

51.     Having heard nothing after a few months, Mr. Henn followed up again on July 2, 2020, and Mr. Lewin promised a response within a matter of days. Despite numerous follow-up emails from Mr. Henn, adidas received no substantive response on the settlement agreement until August 19, 2020. In September 2020, Mr. Henn suggested that the parties attempt mediation.

52.     After another delay, Thom Browne agreed to proceed with mediation. The parties selected a mediator in November 2020. The mediator put off having an in-person mediation session, both because of the ongoing pandemic and because he wanted first to attempt a form of shuttle diplomacy between the parties in an effort to narrow the scope of issues that would need to be resolved at mediation. Between December 2020 and April 2021, the mediator held numerous videoconferences and phone calls with counsel for the parties. Unfortunately, the mediator has been unable to bring the parties closer together, necessitating this civil action.

**FIRST CLAIM FOR RELIEF**
**FOR TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT**
**(15 U.S.C. § 1114)**

53.     adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

54.     Thom Browne's use of confusingly similar imitations of the adidas Three-Stripe Mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the Infringing Sportswear is manufactured or distributed by adidas, or is associated or connected with adidas, or has the sponsorship, endorsement, or approval of adidas.

55.     Thom Browne has used marks confusingly similar to adidas's federally registered marks in violation of 15 U.S.C. §§ 1114 and 1125(a). Thom Browne's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to adidas's goodwill and reputation

20

as symbolized by the adidas Three-Stripe Mark, for which adidas has no adequate remedy at law.

56.    Thom Browne's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the adidas Three-Stripe Mark to adidas's great and irreparable harm.

57.    Thom Browne has caused and is likely to continue causing substantial injury to the public and to adidas; therefore, adidas is entitled to injunctive relief and to recover Thom Browne's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

**SECOND CLAIM FOR RELIEF**
**FOR UNFAIR COMPETITION UNDER THE LANHAM ACT**
**(15 U.S.C. § 1125(a))**

58.    adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

59.    Thom Browne's use of confusingly similar imitations of the adidas Three-Stripe Mark has caused and is likely to continue to cause confusion, deception, and mistake by creating the false and misleading impression that the Infringing Sportswear is manufactured or distributed by adidas, or is affiliated, connected, or associated with adidas, or has the sponsorship, endorsement, or approval of adidas.

60.    Thom Browne has made false representations, false descriptions, and false designations of its sportswear goods in violation of 15 U.S.C. § 1125(a). Thom Browne's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, as well as injury to adidas's goodwill and reputation as symbolized by the adidas Three-Stripe Mark, for which adidas has no adequate remedy at law.

61.     Thom Browne's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the adidas Three-Stripe Mark to the great and irreparable injury of adidas.

62.     Thom Browne's conduct has caused, and is likely to continue causing, substantial injury to the public and to adidas. adidas is entitled to injunctive relief and to recover Thom Browne's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

### THIRD CLAIM FOR RELIEF
### FOR TRADEMARK DILUTION UNDER THE LANHAM ACT
### (15 U.S.C. § 1125(c))

63.     adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

64.     For over sixty-five years, adidas has exclusively and continuously promoted and used its registered Three-Stripe Mark in the United States. The Three-Stripe Mark became a famous and well-known symbol of adidas and its products among the general public in the United States well before Thom Browne began advertising, promoting, distributing, selling, or offering for sale the Infringing Sportswear.

65.     Thom Browne is making use in commerce of confusingly similar imitations of adidas's famous Three-Stripe Mark that dilute and are likely to dilute the distinctiveness of adidas's famous Three-Stripe Mark by eroding the public's exclusive identification of this famous mark with adidas and otherwise lessening the capacity of the famous Three-Stripe Mark to identify and distinguish adidas's goods.

66.     Thom Browne's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the adidas Three-Stripe Mark or to cause dilution of the

mark to the great and irreparable injury of adidas.

67.     Thom Browne has caused and, unless enjoined by this Court, will continue to cause irreparable injury to adidas's goodwill and business reputation, and dilution of the distinctiveness and value of adidas's famous Three-Stripe Mark in violation of 15 U.S.C. § 1125(c). adidas therefore is entitled to injunctive relief and to Thom Browne's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116, and 1117.

**FOURTH CLAIM FOR RELIEF FOR**
**INJURY TO BUSINESS REPUTATION AND DILUTION**
**UNDER NEW YORK LAW**
**(N.Y. GEN. BUS. LAW § 360-1)**

68.     adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

69.     For sixty-five years, adidas has exclusively and continuously promoted and used its registered Three-Stripe Mark in New York and the United States. The Three-Stripe Mark became a famous and extremely well-known symbol of adidas and its products among the general public in New York and the United States well before Thom Browne began advertising, promoting, distributing, selling, or offering for sale the Infringing Sportswear.

70.     Thom Browne is making use in commerce in New York of confusingly similar imitations of adidas's famous Three-Stripe Mark that dilute and are likely to dilute the distinctiveness of adidas's famous Three-Stripe Mark by eroding the public's exclusive identification of this famous mark with adidas and otherwise lessening the capacity of the famous Three-Stripe Mark to identify and distinguish adidas's goods.

71.     Thom Browne's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark or to cause dilution of the mark to the great and irreparable injury of adidas.

72.     Thom Browne has caused and, unless enjoined by this Court, will continue to cause irreparable injury to adidas's goodwill and business reputation, and dilution of the distinctiveness and value of adidas's famous Three-Stripe Mark in violation of the New York Injury to Business Reputation and Dilution Act, N.Y. GEN. BUS. Law § 360-l (2009).

73.     adidas, therefore, is entitled to injunctive relief, damages, and costs, as well as, if appropriate, enhanced damages, punitive damages, and reasonable attorneys' fees.

**FIFTH CLAIM FOR RELIEF FOR
NEW YORK COMMON LAW TRADEMARK INFRINGEMENT
AND UNFAIR COMPETITION**

74.     adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

75.     Thom Browne's actions constitute New York common law trademark infringement and unfair competition, and have created and will continue to create, unless enjoined by this Court, a likelihood of confusion to the irreparable injury of adidas. adidas has no adequate remedy at law for this injury.

76.     On information and belief, Thom Browne acted with full knowledge of adidas's use of, and statutory and common law rights to, the Three-Stripe Mark and without regard to the likelihood of confusion of the public created by Thom Browne's activities.

77.     Thom Browne's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the adidas Three-Stripe Mark to the great and irreparable injury of adidas.

78.     As a result of Thom Browne's actions, adidas has been damaged in an amount not yet determined or ascertainable. At a minimum, however, adidas is entitled to injunctive relief, to an accounting of Thom Browne's profits, damages, and costs. Further, in light of Thom Browne's deliberate and malicious use of confusingly similar imitations of the adidas Three-Stripe Mark, and the need to deter Thom Browne from engaging in similar conduct in the future, adidas additionally is entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, adidas prays that:

1.     Thom Browne and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by through or under authority from Thom Browne, or in concert or participation with Thom Browne, and each of them, be enjoined permanently from:

        a.  using the Three-Stripe Mark or any other copy, reproduction, colorable imitation, or simulation of adidas's Three-Stripe on or in connection with athletic-style clothing and footwear;

        b.  passing off, palming off, or assisting in the passing off or palming off the Infringing Sportswear as that of adidas, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint; and

        c.  advertising, promoting, offering for sale, or selling the Infringing Sportswear or other goods bearing confusingly similar imitations of the adidas Marks.

2.     Thom Browne be ordered to cease offering for sale, marketing, promoting, and selling and to recall all sportswear products sold under or bearing any confusingly similar imitations of the adidas Three-Stripe Mark that are in Thom Browne's possession, custody, or control, or have

been shipped by Thom Browne or under its authority, to any customer, including but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each such store or customer a copy of this Court's order as it relates to said injunctive relief against Thom Browne;

3.      Thom Browne be ordered to deliver up for impoundment and for destruction, all sportswear apparel, footwear, signs, advertising, sample books, promotional materials, or other materials in the possession, custody, or control of Thom Browne that are found to adopt, infringe, or dilute the adidas Three-Stripe or that otherwise unfairly compete with adidas and its products;

4.      The Court sustain TTAB opposition number 91266495 to Thom Browne's PTO applications, Serial Nos. 88/794,885, 88/794,742, and 88/796,018;

5.      Thom Browne be compelled to account to adidas for any and all profits derived by Thom Browne from the sale or distribution of the Infringing Sportswear as described in this Complaint;

6.      adidas be awarded all damages caused by the acts forming the basis of this Complaint, including lost profits, a reasonable royalty, and/or corrective advertising;

7.      Based on Thom Browne's knowing and intentional use of confusingly similar imitations of the adidas Three-Stripe Mark, the damages awarded be trebled and the award of Thom Browne's profits be enhanced as provided for by 15 U.S.C. § 1117(a) and state law;

8.      Thom Browne be required to pay to adidas the costs of this action and adidas's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and state law;

9.      Based on Thom Browne's willful and deliberate infringement and/or dilution of the adidas Three-Stripe Mark, and to deter such conduct in the future, adidas be awarded punitive damages;

10.     adidas be awarded prejudgment and post-judgment interest on all monetary awards; and

11.     adidas have such other and further relief as the Court may deem just.

**JURY TRIAL DEMAND**

adidas respectfully demands a trial by jury on all claims and issues so triable.

DATED:  June 28, 2021

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ R. Charles Henn Jr.*
R. Charles Henn Jr. (RH 3049)
The Grace Building
1114 Avenue of the Americas
New York, NY 10036-7703
Telephone:  (212) 775-8845
chenn@kilpatricktownsend.com

*Attorneys for Plaintiffs*