**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/10/2021
```

ADIDAS AMERICA, INC., an Oregon corporation; and
ADIDAS AG, a foreign entity,

        Plaintiffs,

  v.

THOM BROWNE INC., a Delaware corporation,

        Defendant.

No. 1:21-cv-05615-AJN

## [PROPOSED] STIPULATED PROTECTIVE ORDER

  The parties have requested or intend to request the production of documents or information that at least one party considers to be or to contain confidential information, and to be subject to protection under Federal Rule of Civil Procedure 26(c).  The parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony.  This action concerns allegations of trademark infringement and involves commercially and competitively sensitive marketing and plans, financial information, and other highly confidential information.  The parties therefore recognize that discovery requesting information from the parties and potentially third parties, including financial information, marketing and sales information, and other commercially and competitively sensitive information may be necessary.  In addition to depositions of the parties' employees, there may also be depositions of the parties' agents and third-party vendors, customers, or clients, and such persons will likely be asked questions concerning these potentially sensitive subject areas.  The parties will likely be placed at an economic or competitive disadvantage if such confidential and/or proprietary information is

PAGE 1 - STIPULATED PROTECTIVE ORDER

disclosed to other parties or the public at large. The parties agree that the entry of this Stipulated Protective Order ("Stipulation" or "Protective Order") is warranted to protect against the public disclosure of such documents and information.

Based upon the above stipulation of the parties, and the Court being duly advised,

IT IS HEREBY ORDERED as follows:

    1.    The terms "producing party" or "designating party" shall mean any party to this Protective Order designating information and/or a document as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," including third parties who agree to the terms of, and to be bound by, this Protective Order.

    2.    The term "Confidential Information" shall mean (i) any type of information that has not been made generally available to the public and the disclosure of which the designating party or third party contends would cause material harm or a competitive disadvantage to the designating party's business operations or their personal, business, or privacy interests; (ii) data derived from such confidential information, including any summaries, compilations, quotes, or paraphrases thereof; and (iii) any other oral, written, or recorded material that consists of or contains such information or data or trade secrets.

    3.    The term and designation "Confidential" shall mean any document or information that the designating party believes in good faith meets the requirements set forth in Paragraph 2 above. Notwithstanding the foregoing, by agreeing to this Stipulation, no party or third party waives the right to challenge any designating party's designation of any document or information as "Confidential."

    4.    The term and designation "Highly Confidential – Attorneys' Eyes Only Information" shall mean any documents or information that, in addition to satisfying the

requirements set forth in Paragraph 2 above, the designating party or third party believes in good faith includes highly confidential business information, including but not limited to proprietary information, highly sensitive financial information, or prospective business or competitive strategies, the unrestricted disclosure of which to another party could provide that party or third party with an unfair competitive advantage over the designating party or could cause significant, irreparable injury to the designating party that cannot be avoided by less restrictive means. Notwithstanding the foregoing, by agreeing to this Stipulation, unless otherwise agreed elsewhere, no party or third party waives the right to challenge any designating party's designation of any document as "Highly Confidential – Attorneys' Eyes Only."

5.  Use of any information or documents labeled "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case or related litigation between the parties to this case and shall not be used by any party except the designating party for any business, commercial, or competitive purpose, or in connection with any other dispute, litigation, or proceeding not involving the parties to this case. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to the source of any specific information or document(s), the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

6.  The parties, as well as third parties, may designate as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good

faith basis for asserting is confidential under the applicable legal standards above. The designating party shall designate each page of the document with a stamp identifying it as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," if practical to do so.

7. If portions of documents or other materials deemed "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or any papers containing or making reference to such materials are to be filed with the Court, except by the designating party, the filing party shall take all reasonable steps to secure leave to file the materials under seal, in full compliance with the Court's Individual Practice Rule 4.B., the Court's Standing Order, and the Southern District's ECF Rules & Instructions.

8. Within thirty (30) calendar days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" any portion of the transcript that the party or witness contends discloses confidential information that meets the applicable standards outlined above. If a transcript containing any such material is filed with the Court, except by the designating party, the standards articulated in Paragraph 7 apply. Unless otherwise agreed, or unless a designation has been made on the record or before a transcript becomes final (in which case the parties shall treat the transcript in accordance with such designation), all deposition transcripts shall be treated as "Highly Confidential – Attorneys' Eyes Only" until the expiration of the thirty-day period.

9. Use and review of any information, documents, or portions of documents marked "Confidential" shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

PAGE 4 -   STIPULATED PROTECTIVE ORDER

      a.    Outside counsel of record for the parties, and the employees and administrative staff of outside counsel's firms.

      b.    In-house counsel for the parties, and the administrative staff for each in-house counsel.

      c.    Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

      d.    Deponents, independent consultants, trial or jury consultants, or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

      e.    The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action,

      f.    The authors or the original recipients of the documents.

      g.    Any court reporter or videographer reporting a deposition.

      h.    Employees of vendors retained by outside counsel and/or the parties (e.g., copy services, microfilming or database services, e-discovery services, document review services, etc.), trial support firms, and/or translators who are engaged by the parties during the litigation of this action.

10.    Use of any information, documents, or portions of documents marked "Highly Confidential – Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the persons listed in Paragraphs 9(a), 9(d), 9(e), 9(f), 9(g), 9(h), and Sara Vanderhoff, in-house trademark counsel for Plaintiffs, unless additional persons are stipulated by counsel or authorized by the Court.

11.    Prior to being shown any documents produced by another party marked

PAGE 5 - STIPULATED PROTECTIVE ORDER

"Confidential" or "Highly Confidential – Attorneys' Eyes Only," any person listed under Paragraph 9(c) or 9(d) shall agree to be bound by the terms of this Order by signing the confidentiality agreement attached as Exhibit A, a copy of which shall be retained by counsel for the party making the disclosure for one year after the completion of this action so that it may be shown to counsel for the producing party upon a showing of good cause (as determined by the Court).

12. Whenever information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, absent a Court order to the contrary, the designating party may exclude from the room any person, other than persons designated in Paragraphs 9 and 10, as appropriate, for that portion of the deposition, hearing, or pre-trial proceeding.

13. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court resolve the dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be de-designated or unsealed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

PAGE 6 -   STIPULATED PROTECTIVE ORDER

14.     The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." Any party that inadvertently or unintentionally fails to designate material as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" may request destruction of that material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement material with the appropriate designation. If documents, information or material are designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" after the material was initially produced, the receiving party, on notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

15.     Designation by either party of information or documents as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether materials are confidential or trade secrets, or whether the Protective Order covers the information, documents, or persons in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

16.     Upon the request of the producing party or third party, within thirty (30) days

PAGE 7 -   STIPULATED PROTECTIVE ORDER

after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order, as the producing party may request. Returned physical materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, outside counsel for a party may retain archival copies of confidential documents or highly confidential documents and work product created therefrom. Any such archival copies that contain confidential material remain subject to this Protective Order.

17. If a producing party gives notice to receiving parties that documents or materials that have been produced are subject to a claim of privilege, work-product protection, or any other privilege or protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502(d) and (e), no privilege or protection is waived by the disclosure of documents or information connected with this litigation pending before this Court.

18. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony, or other information.

19. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

PAGE 8 -   STIPULATED PROTECTIVE ORDER

20. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

So stipulated:

By: */s/ R. Charles Henn Jr.*
    R. Charles Henn Jr.
    chenn@kilpatricktownsend.com
    1114 Avenue of the Americas
    New York, NY 10036
    Telephone: (212) 775-8700

R. Charles Henn Jr.
chenn@kilpatricktownsend.com
H. Forrest Flemming
fflemming@kilpatricktownsend.com
**KILPATRICK TOWNSEND & STOCKTON LLP**
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 775-8700
Facsimile: (212) 775-8800

Attorneys for Plaintiffs

Dated: November 8, 2021

By: */s/ Robert T. Maldonado*
    Robert T. Maldonado
    rmaldonado@wolfgreenfield.com
    605 Third Avenue, 25th Floor
    New York, NY 10158
    Telephone: (212) 697-7890

Robert T. Maldonado
rmaldonado@wolfgreenfield.com
Tonia A. Sayour
tsayour@wolfgreenfield.com
**WOLF, GREENFIELD & SACKS, P.C.**
605 Third Avenue, 25th Floor
New York, NY 10158
Telephone: (212) 697-7890
Facsimile: (617) 646-8646

Attorneys for Thom Browne, Inc.

Dated: November 8, 2021

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

**IT IS SO ORDERED.**

DATED: November 9, 2021

                                            Honorable Alison J. Nathan
                                            United States District Judge

PAGE 9 -   STIPULATED PROTECTIVE ORDER

# EXHIBIT A

I, _____, have been advised by counsel of record for

_____ in _____

of the protective order governing the delivery, publication, and disclosure of confidential documents and information produced in this litigation. I have read a copy of the protective order and agree to abide by its terms.

_____
Signed

_____
Printed Name

_____
Date