```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/23/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ADIDAS AMERICA, INC., and ADIDAS AG,           :
                                                :
                                                :          21-CV-5615 (AJN) (RWL)
                          Plaintiffs,           :
                                                :
          - against -                           :          REPORT AND RECOMMENDATION
                                                :          TO HON. ALISON J. NATHAN:
                                                :          <u>MOTION TO DISMISS</u>
THOM BROWNE INC.,                               :
                          Defendant.            :
-------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This is a trademark infringement, unfair competition, and dilution case. Plaintiffs adidas America Inc. and adidas AG (collectively "adidas" or "Plaintiffs") seek injunctive relief and damages against Thom Browne Inc. ("Thom Browne" or "Defendant"), which markets and sells sportswear and athletic-styled footwear adorned with allegedly similar imitations of adidas' three-stripe design trademark (the "Three-Stripe Mark" or "Mark"). Adidas also asks the Court to sustain its opposition to Thom Browne's application to register a multi-stripe trademark design for footwear that is currently pending but stayed in the Trademark Trial and Appeals Board ("TTAB"). Thom Browne moves to dismiss the complaint pursuant to Federal Rule Of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim, or, in part in the alternative, for a more definite statement pursuant to Rule 12(e). Thom Browne asserts that the Complaint is vague about which products are alleged to infringe and dilute which trademarks, that Plaintiffs lack standing, and that the Court lacks jurisdiction over trademark opposition proceedings. For the reasons set forth below, I recommend that the motion be DENIED IN PART and GRANTED IN PART.

1

## PROCEDURAL BACKGROUND

Plaintiffs filed the Complaint on June 28, 2021.  ("Compl." Dkt. 1.)  The complaint alleges trademark infringement, unfair competition, and trademark dilution under the federal Lanham Act, 15 U.S.C. § 1114, 1125(a), (c), as well as related causes of action under New York statutory and common law.  On October 6, 2021, Defendant filed its motion to dismiss, which is now fully briefed.  (Dkt. 18.)  The matter has been referred to me for report and recommendation.  Oral argument took place on March 10, 2021.

## FACTUAL BACKGROUND

The factual background is drawn primarily from the Complaint.  As required on a motion to dismiss pursuant to Rule 12(b)(6), the Court takes the facts alleged in the Complaint as true and draws all reasonable inferences in favor of adidas as the non-moving party.

### A.      Adidas And The Three-Stripe Mark

Adidas is one of the world's leading manufacturers in athletic apparel, sportswear, footwear, and sporting equipment.  (Compl. ¶ 13.)  Around 1952, adidas introduced its signature logo, the Three-Stripe Mark, on footwear, and it has since come to be emblematic of the brand.  (Compl. ¶ 14.)  Aadidas has spent millions of dollars promoting both the Three-Stripe Mark and its products through various advertising and marketing campaigns.  The company's annual U.S. sales of products bearing the Three-Stripe Mark have, in recent years, totaled in the hundreds of millions.  (Compl. ¶¶ 33-34.)  Many of adidas' advertising campaigns have featured "A-list" celebrities and athletes.  (Compl. ¶¶ 34-35.)  Adidas has also used the Three-Stripe Mark in connection with its frequent

sponsorship of athletic tournaments and organizations, professional athletes, and collegiate sports.  (Compl. ¶ 30.)

Due to its prolific and continuous appearances, the Three-Stripe Mark is recognized by the public and has been referred to in the media, among many others, as adidas' "iconic trio of stripes," the "famous Adidas three stripes," and the "ubiquitous three stripes."  (Compl. ¶ 32.)  Adidas is internationally known and symbolized by its famous Three-Stripe Mark, and the general public in the United States has come to associate adidas with the Mark.  (Compl. ¶ 36.)

Adidas owns 24 federal trademark registrations issued by the United States Patent and Trademark Office ("PTO") for the Three-Stripe Mark.   The trademarks cover the Three-Stripe Mark on "athletic footwear," "footwear," "sports and leisure wear," including shirts, jackets, shorts, pants, as well as for "clothing," including T-shirts, sweatshirts, jackets, coats, and others.  (Compl. ¶¶ 15-26.)  Adidas also owns registration of the Mark for sporting goods and bags.  (Compl. ¶ 26.)

## B.    Thom Browne And Its Allegedly Infringing Conduct

Thom Browne is a clothing and accessories designer known especially for its cropped men's suits and jackets and avant-garde womenswear.  (Compl. ¶ 37.)  Since 2004, Thom Browne has attached as a detail to its clothing what it refers to as a white-red-white-blue-white "five stripe ribbon" design.  (Def. Mem. at 2; *see also* Pl. Mem. at 9.[1])  Since 2009, it has also attached a similarly styled "four band design."  (Def. Mem. at

---

[1] "Pl. Mem." refers to Adidas's Opposition To Thom Browne's Motion To Dismiss Or For More Definite Statement (Dkt. 24).  "Def. Mem." refers to Defendant's Memorandum Of Law In Support Of Defendant's Motion To Dismiss Plaintiffs' Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), Or In The Alternative, For A More Definite Statement Pursuant To Fed. R. Civ. P. 12(e) (Dkt. 19).

1.)  More recently, Thom Browne has expanded its fashion line to include sportswear and athletic-styled footwear that adidas alleges bears confusingly similar imitations of its Three-Stripe Mark.  (Compl. ¶ 37.)  The Thom Browne sportswear and footwear feature three and four stripes in ways that adidas claims is likely to deceive, confuse, and mislead actual and prospective purchasers of adidas's merchandise.  (Compl. ¶¶ 37, 39.)

Since 2018, Thom Browne has been in a partnership with European football club FC Barcelona through which it has promoted its goods using images associated with soccer and soccer players such as Lionel Messi.  Additionally, Thom Browne was referred to as "the *other* Three Stripes" company in a GQ Magazine article focusing on the company's debut into athletic wear.  (Compl. ¶ 40.).  Adidas alleges these are examples of Thom Browne's further encroachment into its core market category.

## C.    The Opposition Proceeding

In 2018, Thom Browne filed applications with the PTO to register a striped design mark on apparel.[2]  (Compl. ¶¶ 41, 46.)  On December 14, 2021, adidas filed an opposition before the TTAB seeking to prevent registration of Thom Browne's applications.  (Compl. ¶ 41.)  In its request for relief in the instant case, adidas asks the Court to sustain adidas' opposition to Thom Browne's trademark applications.  (Compl. Prayer For Relief No. 4.)

## D.    Failed Settlement Discussions

For the last three years or so – since summer of 2018 – the parties have engaged in sporadic settlement discussions and an unsuccessful mediation. (Compl. ¶¶ 46-52.)

---

[2] Adidas refers to the designs in Thom Browne's PTO applications as "various two-stripe designs."  (Compl. ¶¶ 41, 46.)  Thom Browne refers to the applications as covering the "Five Stripe Ribbon."  (Def. Mem. at 11.)

**LEGAL STANDARDS**

**A.     Rule 12(b)(6) Motion To Dismiss**

To survive a Rule 12(b)(6) motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.*, 129 S. Ct. at 1949  (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966).

In considering a motion to dismiss for failure to state a cause of action, a district court must "accept[ ] all factual claims in the complaint as true, and draw[ ] all reasonable inferences in the [non-moving party's] favor."  *Lotes Co. v. Hon Hai Precision Industry Co.*, 753 F.3d 395, 403 (2d Cir. 2014) (internal quotation marks omitted).  This tenet, however, is "inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.  Rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, … i.e., enough to make the claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (internal quotation marks omitted).  A complaint is properly dismissed where, as a matter of law, "the allegations in [the] complaint, however true, could not raise a claim of entitlement to relief."  *Twombly*, 550 U.S. at 558, 127 S. Ct. at 1966.

### B.      Rule 12(e) More Definite Statement

Rule 12(e) of the Federal Rules Of Civil Procedure provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  A Rule 12(e) motion is not granted lightly.  "In view of Rule 8(a)'s liberal pleading requirements, and the availability of discovery to provide additional factual detail for the parties' claims, motions under Rule 12(e) are generally disfavored because of their dilatory effect."  *Joya v. Verizon New York, Inc.,* No. 08-CV-5328, 2008 WL 4667987, at *1 (S.D.N.Y. Oct. 20, 2008); *Lee v. Karaoke City*, 18-CV-3895, 2020 WL 5105176, at *10 (S.D.N.Y. Aug. 31, 2020) (stating a Rule 12(e) motion "should be denied if a complaint comports with the liberal pleading requirements of Rule 8(a)").  "Rule 12(e) is designed to remedy unintelligible pleadings, not merely to correct for lack of detail."  *Textil RV LtdA v. Italuomo, Inc.*, No. 92-CV-526, 1993 WL 118503, at *2 (S.D.N.Y. April 13, 1993).

### DISCUSSION

Thom Browne advances three arguments for dismissal under Rule 12(b)(6).  First, that the Complaint does not provide it with sufficient notice of the claims against it because the Complaint does not specify which of the accused products infringe which trademark registrations and which products dilute which trademarks.  Second, that adidas America lacks standing to assert its claims because it does not own the registrations.  Third, that the Court cannot sustain an opposition pending before the TTAB.  The Court addresses each argument in turn.

**A.      Adidas Has Sufficiently Pled Infringement And Unfair Competition**

To state a claim for trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1), which applies to registered marks, a plaintiff "must allege sufficient facts to establish: (1) that the plaintiff's mark is entitled to protection, and (2) that the defendant's use of its mark is likely to cause consumers confusion as to the origin or sponsorship of [its] goods." *National Academy of Television Arts And Sciences, Inc. v. Multimedia System Design, Inc.,* 551 F. Supp.3d 408, 426 (S.D.N.Y. 2021) (quoting *Guthrie Healthcare Systems v. ContextMedia, Inc.*, 826 F.3d 27, 37 (2d Cir. 2016)).  The same elements must be met for a plaintiff to successfully state a claim for unfair competition under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), which applies to unregistered marks.[3]  *Franklin v. X Gear 101, LLC*, No. 17-CV-6452, 2018 WL 4103492, at *5 (S.D.N.Y. Aug. 28, 2018) (to state a claim for unfair competition under the Lanham Act, a plaintiff must establish "that it has a valid mark entitled to protection and that defendant's use of it [in commerce] is likely to cause confusion"); *Pablo Chavez v. British. Broadcasting Corp.,* No. 17-CV-9572, 2019 WL 2250446, at *6 (S.D.N.Y. May 23, 2019) (stating same standard).

Thom Browne contends that adidas' Complaint fails to adequately state claims for trademark infringement and unfair competition for lack of specificity and detail as to the

---

[3] It is well established that the elements necessary to prevail on causes of action for trademark infringement and unfair competition under New York common law and the Lanham Act are essentially the same and may be analyzed together.  *Tiffany (NJ) Inc. v. eBay Inc.,* 600 F.3d 93, 101 n.6 (2d Cir. 2010); *see also ESPN, Inc. v. Quiksilver, Inc.*, 586 F. Supp.2d 219, 230 (S.D.N.Y. 2008) ("The elements necessary to prevail on causes of action for trademark infringement and unfair competition under New York common law mirror the Lanham Act claims"); *Pulse Creations Inc. v. Vesture Group, Inc.,* 154 F. Supp.3d 48, 54 (S.D.N.Y. 2015) (same).

accused products and designs and as to which products are accused of infringing which marks.  (Def. Mem. at 7.)  Thom Browne thus argues that the Complaint does not specify which of adidas' 24 cited trademark registrations are infringed upon and does not even "define" the Three-Stripe Mark.  Further, the Complaint "fails to provide notice to Thom Browne of the specific products that are allegedly infringing each of the 24 registrations." (Def. Mem. at 3.)  The Court disagrees.  The Complaint provides fair notice of adidas' claims, alleges facts sufficient to establish each required claim element, and adequately identifies the protected mark and the products that allegedly infringe on that mark.

The Complaint well establishes the first requisite element that adidas owns a mark entitled to protection.  As alleged in the Complaint and indicated in the Complaint's exhibits, adidas owns 24 federal trademark registrations for the Three-Stripe Mark. (Compl. ¶¶ 15-19, 21-27 and Exs. 2-6, 8-15.)  "A certificate of registration with the PTO," like those asserted in the Complaint, "is prima facie evidence that the mark is registered and valid (*i.e.*, protectible), that the registrant owns the mark, and that the registrant has the exclusive right to use the mark in commerce."  *Lane Capital Management, Inc. v. Lane Capital Management, Inc.*, 192 F.3d 337, 345 (2d Cir. 1999).

Thom Browne contends, however, that the Complaint does not sufficiently define the "parameters of the design that comprises its asserted 'Three-Stripe Mark'."  (Def. Mem. at 8.)  From Thom Browne's perspective, the 24 trademark registrations have such significant variation that they cannot constitute a single Three-Stripe Mark.[4]  (Def. Mem.

---

[4] Defendant states the 24 marks pled in the Complaint include "curved, slanted, and straight-line designs, and include designs that vary drastically in lengths, color patterns, line spacing, placement and product type."  (Def. Mem. at 8.)

at 9.)  As a result, the Complaint lacks sufficient specificity to provide fair notice of adidas's claims.

That argument does not survive scrutiny.  Adidas is required to allege sufficient facts establishing they own a protectible mark, which they have done.  The Complaint consistently refers to its Three-Stripe Mark as a unitary mark (*e.g.,* Compl. ¶¶ 2,8,14,30), identifies the registrations depicting specific executions of the Mark (Compl. ¶¶ 15-19, 21-27 and Exs. 2-6, 8-15), and includes numerous photographic examples of varied executions of the Mark (*e.g.*, Compl. ¶ 2 and Exs. 1, 7, 18).

Further, Courts have consistently referred to adidas' Three-Stripe Mark as a unitary mark that is the subject of multiple registrations.  *See adidas America Inc. v. Skechers USA, Inc.*, 890 F.3d 747, 752 (9th Cir. 2018) ("adidas is also known for its Three-Stripe mark, which has been featured on its products for many years as part of its branding strategy and for which it owns federal trademark registrations"); *Adidas America, Inc. v. Soccer & Soccer, Inc.*, No. 13-CV-7148, 2013 WL 11323120, at *2 (C.D. Cal. Oct. 25, 2013) ("Adidas holds a number of federal trademark registrations, including several incontestable registrations covering the Three-Stripe Mark for apparel"); *Adidas-Salomon AG v. Target Corp.*, 228 F. Supp.2d 1192, 1206 (D. Or. 2002) ("It is undisputed that adidas' Three Stripe Mark is the subject of incontestable federal registrations").

At least one federal court has already rejected the notion that adidas' pleading of multiple registrations and a unitary Three-Stripe Mark requires a more definite statement. *Adidas America, Inc. v. Forever 21*, Inc., No. 3:17-CV-00377-YY (D. Or. Aug. 9, 2017). There, the court denied Forever 21's motion, finding that the Three-Stripe Mark is one mark covered by multiple registrations, and adidas' inclusion of 21 federal trademark

registrations as exhibits to its complaint was sufficient for the pleading stage.  (*See* Henn Decl. Ex. 2 at 3.[5])   The Court declined to require adidas to "define the scope and boundaries of the mark with more particularity at [the] nascent [pleading] stage."  (*Id.*) The same logic applies here, and the Court finds no need for a more definite statement, let alone dismissal.  Quite to the contrary of what Thom Browne argues, adidas' assertion of 24 federal trademark registrations only enhances the plausibility of its infringement claims.

The second element of a trademark infringement claim is that the defendant's use of a mark is likely to cause consumer confusion as to the source of the parties' goods or services.  The Complaint readily provides allegations sufficient to establish likelihood of confusion.  Determination of likelihood of confusion requires consideration of the so-called *Polaroid Factors.   See Polaroid Corp. v. Polarad Electronics Corp.*, 287 F.2d 492, 495 (2d Cir. 1961).   Those factors include the following: (1) strength of plaintiff's trademark; (2) the degree of similarity between the two marks; (3) the proximity of the products and their competitiveness with one another; (4) evidence that the senior user may "bridge the gap" by developing a product for sale in the market of the alleged infringer's product; (5) evidence of actual consumer confusion; (6) evidence that defendant adopted the imitative mark in bad faith; (7) quality of the defendant's products; and (8) sophistication of consumers in the relevant market.  *Id.*; *see also Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 588 F.3d 97, 115 (2d Cir. 2009).  The *Polaroid* factors are not exclusive and

---

[5] "Henn Decl." refers to the Declaration Of R. Charles Henn Jr. In Opposition To Thom Browne's Motion To Dismiss Or For More Definite Statement (Dkt. 25).  The Oregon District court's order denying the motion for a more definite statement is attached to the Henn Declaration at Ex. 2.

no single factor is dispositive.  *International Information Systems Security Certification Consortium, Inc. v. Security University, LLC*, 823 F.3d 153, 160 (2d Cir. 2016).  The Complaint's allegations include several indicia of likelihood of confusion, such as strength of the Three-Stripe Mark, similarity of the parties' marks, similarity of products, and Thom Browne's knowing and intentional encroachment and use of confusingly similar marks. That is sufficient to state a plausible claim.

Thom Browne nonetheless challenges the Complaint's sufficiency, arguing that because the Complaint does not specify what is meant by "athletic-style apparel and footwear" it fails to properly notify Defendant as to the specific products that adidas claims are infringing.  (Def. Mem. at 9.)  But the Complaint provides photographic examples of at least fifteen different pieces of clothing from Thom Browne's athletic wear line that are alleged to be infringing.  (Compl. ¶ 4.)  A plaintiff is not required at the pleading stage to identify every specific allegedly infringing product or more clearly defined product types. *See, e.g.*, *McGraw-Hill Global Education Holdings, LLC v. Mathrani,* 295 F. Supp.3d 404, 415 (S.D.N.Y. 2017) ("Requiring Plaintiffs to name all of the infringed works that may be part of the alleged counterfeiting scheme at the pleading stage would be a fool's errand – that is the point of discovery"); *Gym Door Repairs, Inc. v. Young Equipment Sales, Inc.*, 206 F. Supp.3d 869, 903 (S.D.N.Y. 2016) (Stating that complaint was sufficient to withstand the motion to dismiss because it "provide[d] examples of particular, allegedly infringing conduct"); *Pulse Creations,* 154 F. Supp.3d at 51 (Plaintiff sufficiently alleged

its unfair competition claim by attaching to its complaint "non-exhaustive" examples of infringing items of clothing).[6]

## B.    Adidas Has Adequately Alleged Trademark Dilution

To state a claim for trademark dilution under the Lanham Act, a plaintiff must allege that "(1) its mark is famous; (2) the defendant's use of the mark is made in commerce; (3) the defendant used the mark after the mark was famous; and (4) the defendant's use of the mark is likely to dilute the quality of the mark by blurring or tarnishment."[7]  *A.V.E.L.A., Inc. v. Estate of Marilyn Monroe, LLC*, 131 F. Supp.3d 196, 211 (S.D.N.Y. 2015) (internal quotation marks omitted); *accord Savin Corp. v. Savin Group*, 391 F.3d 439, 448 (2d Cir. 2004).  The Complaint plausibly asserts each of those elements.

"[F]ame is the key ingredient in a trademark dilution claim." *DigitAlb, Sh.a v. Setplex, LLC*, 284 F. Supp.3d 547, 557 (S.D.N.Y. 2018) (internal quotations omitted).  To be considered famous, a mark must be "widely recognized by the general consuming public of the United States."  *Id.*  The Complaint alleges that the adidas Three-Stripe Mark

---

[6] Thom Browne argues that *McGraw-Hill Global Education Holdings, Gym Door Repairs,* and *Pulse Creations* are not applicable to the facts of this case because the question in those cases was whether the plaintiffs had provided sufficient notice to specific defendants.  (Defendant's Reply Memorandum In Support of Its Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), Or In The Alternative, For A More Definite Statement Pursuant To Fed. R. Civ. P. 12(e) at 7 n. 7.)  The Court finds that difference immaterial.

[7] The standard for trademark dilution under New York law differs slightly from that under the Lanham Act.  "To prevail on a claim for trademark dilution under New York law, the plaintiffs must show (1) that it possesses a strong mark—one which has a distinctive quality or has acquired a secondary meaning ... and (2) a likelihood of dilution by either blurring or tarnishment."  *Kaplan, Inc. v. Yun*, 16 F. Supp.3d 341, 352 (S.D.N.Y. 2014) (internal quotations omitted).  New York law does not require the mark to be "famous." *Id.*  The Complaint satisfies the New York dilution elements no less than the federal dilution elements.

is famous and presents numerous examples of media coverage identifying the Three-Stripe Mark's global fame as well as examples of its ubiquity.  (Compl. ¶ 32.)  The Complaint also alleges that Thom Browne sells clothing with the infringing mark in commerce and that such commerce began long after the Three-Stripe Mark became famous.  (Compl. ¶¶ 2-4, 65, 70.)  The Complaint thus sufficiently pleads the first three dilution elements.

As for likelihood of dilution by blurring (adidas does not appear to allege dilution by tarnishment), courts consider several non-exhaustive factors: the similarity between the mark and the famous mark, the distinctiveness and degree of recognition of the famous mark, and whether the user of the mark or trade name intended to create an association with the famous mark.  *Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 111 (2d Cir. 2010).    The Complaint demonstrates that there are similarities between adidas' Three-Stripe Mark and Thom Browne's use of stripes, and alleges substantial facts of the Mark's recognition.  Whether Thom Browne intended to create an association will turn in large part on what discovery may reveal.

Thom Browne's challenge to the sufficiency of adidas' dilution claims is essentially the same as its challenge to the infringement and unfair competition claims; *i.e.*, that the Complaint does not specify which of Thom Browne's product executions dilutes which trademark.  That argument fails for the reasons explained above in the context of infringement and unfair competition.

Accordingly, there is no basis to dismiss the Complaint or require a more definite statement.  To be sure, during discovery Thom Browne may propound discovery, such

as interrogatories, seeking a greater degree of specificity.  But for the pleading stage, adidas' Complaint provides fair notice of the claims against Thom Browne.[8]

## C.    Adidas Has Standing To Allege The Claims Asserted Against Thom Browne

Thom Browne contends that the Complaint should be dismissed because the Plaintiffs do not have standing to bring the claims asserted.   (Def. Mem. at 5, 8.)  Thom Browne provides little to no support for this argument, basing it on the assertion that adidas is not the registrant of the Three-Stripe Mark.

According to the Complaint and the registrations attached as exhibits,  Plaintiff adidas AG owns the trademark registrations at issue.  At oral argument, Thom Browne clarified that its concern, vis-à-vis standing, was with adidas America in particular, as it does not own any of the registrations.   Adidas' first cause of action is for infringement of a registered mark pursuant to 15 U.S.C. § 1114.  At oral argument, adidas clarified that only adidas AG, and not adidas America, asserts infringement under that provision.  Both Plaintiffs, however, have standing to assert claims for unfair competition and infringement under section 43(a), which does not require a plaintiff to own a trademark to have standing.  *See Murphy v. Provident Mutual Life Insurance Co. Of Philadelphia*, 756 F. Supp. 83, 86 (D. Conn. 1990), *aff'd*, 923 F.2d 923 (2d Cir. 1990) ("the question of ownership is immaterial to standing under § 43(a), since standing may lie with mere users

---

[8] Thom Browne's challenge to the Complaint based on lack of fair notice also seems somewhat disingenuous in light of the parties' having been engaged in on-again, off-again settlement discussions for the last three years or so.  Of course, the Court recognizes that one impediment to an amicable resolution may have been difficulty in concretely defining the boundaries of what Thom Browne may and may not do.

of trademarks"); *Silverstar Enterprises, Inc. v. Aday*, 537 F. Supp. 236, 241 (S.D.N.Y. 1982) (same).

A non-registrant party, such as a distributer, can prove that it has standing under section 43(a) by showing that it has a valid commercial interest in the mark. *The Christopher D. Smithers Found., Inc. v. St. Lukes-Roosevelt Hospital Center*, No. 00-CV-5502, 2001 WL 761076, at *3 (S.D.N.Y. July 6, 2001) ("at a minimum, standing to bring a section 43 claim requires the potential for a commercial or competitive injury"); *Business Trends Analysts v. Freedonia Group, Inc.,* 650 F. Supp. 1452, 1458 (S.D.N.Y. 1987) ("the absence of the trademark's 'owner' in the instant case does not prevent a plaintiff with a concrete interest in protecting the mark from bringing suit"). Adidas America is the principal distributor in the United States of adidas AG's adidas-brand merchandise and is the company hub for U.S. sales, brand marketing, product marketing, and licensing of and for adidas-branded merchandise, including goods bearing the Three-Stripe Mark. (Compl. ¶ 8.) It thus has a commercial interest in the Three-Stripe Mark and has standing, along with adidas AG, under section 43(a).

Just as with its bid to dismiss the complaint for lack of definitiveness, Thom Browne's standing argument already has been rebuffed in federal court. *See Adidas America, Inc. v. Athletic Propulsion Labs, LLC.* No. 3:16-CV-00415, 2016 WL 3896826, at *3 (D. Or. July 18, 2016). There, the defendant argued – as Thom Browne does here – that adidas America, Inc. lacked standing to sue for trademark infringement because it was "merely a non-exclusive licensee of the trademarks whose value is held by adidas AG." *Id.* The court rejected that argument and found that adidas America had standing

to sue under section 43(a) because it had a commercial interest in the Three-Stripe Mark. *Id.* Accordingly, the Court finds no basis for dismissal on the basis of standing.

### D.    The Court Does Not Have Jurisdiction Over The TTAB Opposition

Thom Browne argues that the Complaint improperly requests the Court to sustain the pending TTAB opposition proceeding that adidas filed against Thom Browne's application for a striped design mark.  (Def. Mem. at 11.)  The Court agrees as it does not have jurisdiction to sustain or overrule the pending TTAB opposition.

Section 37 of the Lanham Act, 15 U.S.C. § 1119, sets forth the power of the Court with respect to trademark registration:  "In any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action."  For the instant motion, the key term in that provision is "registered."  "[B]y its terms, § 37 contemplates an action involving a registered trademark," not a pending opposition proceeding.  *GMA Accessories, Inc. v. Idea Nuova, Inc.,* 157 F. Supp.2d 234, 241 (S.D.N.Y. 2000).  Section 37 thus "gives district courts authority to cancel registered marks, not pending trademark registrations."  *Kohler Co. v. Bold International FZCO,* 422 F. Supp.3d 681, 739 (E.D.N.Y. 2018); *see also ZanyToys, LLC v. PearlEnters., LLC*, Civil Action No. 1315262, 2015 WL 404644, at*5 (D. N.J. Jan. 28, 2015) ("Courts have rejected the argument that a district court can preempt the PTO and cancel a pending trademark application") (collecting cases and authorities).

Adidas cites to a case it claims to be to the contrary but which is actually inapt. *See Somera Capital Management, LLC v. Somera Road, Inc.,* No. 19-CV-8291, 2020 WL

2506352, at *1 (S.D.N.Y. May 15, 2020) (report and recommendation).   In *Somera*, the defendant filed a counterclaim seeking cancellation of plaintiff's registered mark as well as two pending applications before the PTO.   *Id.* at *3.   The plaintiff moved to dismiss with respect to cancellation of the pending applications on the ground that the court was not authorized by statute to cancel pending applications.   *Id.* at *5.   The court denied plaintiff's motion, however, because the pending applications were for the same mark as plaintiff's already-registered mark, and thus there was a sufficient "nexus between the issues in the pending application proceeding and those … involving the registered mark." *Id.* at *6 (citing 5 McCarthy on Trademarks and Unfair Competition § 30:113:50 (5th ed.)).

Importantly, in *Somera* and the cases cited to in *Somera*, the pending applications belonged to the party that already had a registered mark that was also being challenged in court, and the applications were for nearly identical marks as the registered mark already.   *Somera*, 2020 WL 2506352 at *6.   The court thus had before it a challenge to a registered mark, for which section 37 provides judicial authority, and two similar pending applications.   That is not the situation here.   The Complaint does not challenge any registered mark.   Rather, adidas attempts to invoke section 37 for Thom Browne's pending applications that it claims are similar to adidas own registered marks.   At oral argument, Thom Browne conceded that it was not aware of any court finding the requisite nexus in a similar situation, instead inviting this Court to be the first to do so.   The Court declines the invitation, finding no basis to accept it.   The Complaint's request that the Court sustain adidas' opposition should be stricken.[9]

---

[9] The request to sustain adidas' opposition appears only in the Complaint's request for relief.   It is not tethered to any independent cause of action.   Accordingly, there is no claim to dismiss, and the appropriate remedy is to strike that portion of the demand.   *See, e.g.*,

**CONCLUSION**

For the foregoing reasons, I recommend granting Thom Browne's motion in part by striking adidas' prayer for relief asking the Court to sustain its TTAB opposition proceeding against Thom Browne's trademark application and denying the motion in all other respects.

**PROCEDURES FOR FILING OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days to file written objections to this Report and Recommendation.  Such objections shall be filed with the Clerk of Court, with extra copies delivered to the Chambers of the Honorable Allison J. Nathan, U.S.D.J., United States Courthouse, 40 Foley Square, New York, NY 10007, and to the Chambers of the undersigned, United States Courthouse, 500 Pearl Street, New York, NY 10007.  FAILURE TO FILE TIMELY OBJECTIONS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.

Respectfully Submitted,

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: March 23, 2022

Copies transmitted to all counsel of record

*SRSNE Site Grp. v. Advance Coatings Co.*, No. 3:12-CV-443, 2014 WL 671317, at *1 (D. Conn. Feb. 21, 2014) ("[The Defendant] 'moves to dismiss' one of the forms of relief requested by Plaintiffs in Second Amended Complaint's Prayer for Relief. Such a motion is not properly a motion to dismiss and is more properly styled as a motion to strike, and the Court will treat it as a motion to strike.").

18