**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ADIDAS AMERICA, INC., an Oregon corporation; and ADIDAS AG, a foreign entity,<br><br>            Plaintiffs,<br><br>v.<br><br>THOM BROWNE, INC., a Delaware corporation,<br><br>            Defendant. | Civil Action No.  1:21-cv-05615-JSR-RWL |

## DEFENDANT THOM BROWNE'S ANSWER AND COUNTERCLAIM

Defendant Thom Browne, Inc. ("Thom Browne" or "Defendant"), by and through its undersigned attorneys, hereby submits this Answer, Affirmative Defenses, and Counterclaim to the Complaint filed by Plaintiffs adidas America, Inc. and adidas AG (collectively, "adidas" or "Plaintiffs"). The paragraph numbering herein corresponds to the numbered paragraphs in the Complaint.

## SUBSTANCE OF THE ACTION

1.      Thom Browne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1, and therefore denies the same on that basis.

2.      Thom Browne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2, and therefore denies the same on that basis.

3.      In answer to Paragraph 3, Thom Browne admits that it launched in 2001 and added womenswear to its collection in 2011.  Thom Browne further admits that Ermenegildo Zegna Holditalia S.p.A. purchased an 85% stake in Thom Browne in 2018 and is the majority shareholder.

4.      In answer to Paragraph 4, Thom Browne admits that the images shown in Paragraph 4 of the Complaint are clothing items of Thom Browne, and admits that some of these items have been identified by Thom Browne as sweatshirts, sweatpants and compression tights at times, but otherwise denies the allegations in Paragraph 4 of the Complaint.

5.      Thom Browne admits that adidas does not manufacture the products identified in Paragraph 4 of the Complaint, and admits that such products are not connected with, affiliated with, authorized, or sponsored by adidas.  Thom Browne denies the remaining allegations in Paragraph 5.

6.      Thom Browne admits that the Complaint alleges the causes of Action and seeks the relief stated in Paragraph 6, but denies that adidas is entitled to any relief, and further states that adidas' request that the Court sustain the opposition before the Trademark Trial and Appeal Board ("TTAB") has been stricken.

## PARTIES

7.      Thom Browne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7, and therefore, denies the same.

8.      Thom Browne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8, and therefore, denies the same.

9.      Thom Browne admits the allegations in Paragraph 9.

## JURISDICTION AND VENUE

10.      The allegations in Paragraph 10 state a legal conclusion to which no answer is required.  If an answer is required, Thom Browne admits that this action purports to invoke the Court's subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121 and under 28 U.S.C. §§ 1331 and 1338.  This action also purports to invoke the Court's subject

matter jurisdiction over adidas's related state and common law claims pursuant to §§ 1338 and 1367.

11.     The allegations in Paragraph 11 state a legal conclusion to which no answer is required.  If an answer is required, Thom Browne admits that (a) its principal place of business is in New York, (b) Thom Browne regularly transacts and conducts business within the state of New York, including this District, and (c) Thom Browne admits that the products identified in Paragraph 4 have been sold and offered for sale in this District.

12.     The allegations in Paragraph 12 state a legal conclusion to which no answer is required.  If an answer is required, Thom Browne admits that this action purports to lie in this district pursuant to 28 U.S.C. § 1391(b)(1), (b)(2), and (c)(2).

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

**A.      adidas's Famous Three-Stripe Mark**

13.     Thom Browne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13, and therefore denies the same on that basis.

14.     Thom Browne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14, and therefore denies the same on that basis.

15.     Thom Browne admits that Exhibit 2 appears to be a copy of U.S. Trademark Reg. No. 1,815,956, denies that U.S. Trademark Reg. No. 1,815,956 is owned by "adidas," and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations therein, and therefore denies the same on that basis.

16.     Thom Browne admits that Exhibit 3 appears to be a copy of U.S. Trademark Reg. No. 1,833,868, denies that U.S. Trademark Reg. No. 1,833,868 is owned by "adidas," and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations therein, and therefore denies the same on that basis.

17.     Thom Browne admits that Exhibit 4 appears to be a copy of U.S. Trademark Reg. No. 2,278,589, denies that U.S. Trademark Reg. No. 2,278,589 is owned by "adidas," and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations therein, and therefore denies the same on that basis.

18.     Thom Browne admits that Exhibit 5 appears to be a copy of U.S. Trademark Reg. No. 3,029,129, denies that U.S. Trademark Reg. No. 3,029,129 is owned by "adidas," and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations therein, and therefore denies the same on that basis.

19.     Thom Browne admits that Exhibit 6 appears to be a copy of U.S. Trademark Reg. No. 3,029,135, denies that U.S. Trademark Reg. No. 3,029,135 is owned by "adidas," and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations therein, and therefore denies the same on that basis.

20.     Thom Browne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20, and therefore denies the same on that basis.

21.     Thom Browne admits that Exhibit 8 appears to be a copy of U.S. Trademark Reg. No. 2,058,609, denies that U.S. Trademark Reg. No. 2,058,609 is owned by "adidas," and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations therein, and therefore denies the same on that basis.

22.     Thom Browne admits that Exhibit 9 appears to be a copy of U.S. Trademark Reg. No. 3,029,127, denies that U.S. Trademark Reg. No. 3,029,127 is owned by "adidas," and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations therein, and therefore denies the same on that basis.

23.     Thom Browne admits that Exhibit 10 appears to be a copy of U.S. Trademark Reg. No. 2,016,963, denies that U.S. Trademark Reg. No. 2,016,963 is owned by "adidas," and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations therein, and therefore denies the same on that basis.

24.     Thom Browne admits that Exhibit 11 appears to be a copy of U.S. Trademark Reg. No. 3,087,329, denies that U.S. Trademark Reg. No. 3,087,329 is owned by "adidas," and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations therein, and therefore denies the same on that basis.

25.     Thom Browne admits that Exhibit 12 appears to be a copy of U.S. Trademark Reg. No. 2,278,591, denies that U.S. Trademark Reg. No. 2,278,591 is owned by "adidas," and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations therein, and therefore denies the same on that basis.

26.     Thom Browne admits that Exhibit 13 appears to be a copy of U.S. Trademark Reg. No. 2,284,308, denies that U.S. Trademark Reg. No. 2,284,308 is owned by "adidas," and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations therein, and therefore denies the same on that basis.

26.     Thom Browne admits that Exhibit 14 appears to be a copy of U.S. Trademark Reg. No. 4,910,643, denies that U.S. Trademark Reg. No. 4,910,643 is owned by "adidas," and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations therein, and therefore denies the same on that basis.

27.     Thom Browne admits that Exhibit 15 appears to be copies of U.S. Trademark Registration Nos. 870,136, 961,353, 2,909,861, 2,999,646, 3,063,742, 3,063,745, 3,183,656, 3,183,663, 3,236,505, 3,842,177, and 3,846,203, denies that these trademark registrations are

owned by "adidas," and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations therein, and therefore denies the same on that basis.

28.     Thom Browne admits Exhibit 16 appears to be a copy of U.S. Trademark Registration No. 1,674,229, denies that U.S. Trademark Reg. No. 1,674,229 is owned by "adidas," and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations therein, and therefore denies the same on that basis.

29.     Thom Browne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29, and therefore denies the same on that basis.

30.     Thom Browne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30, and therefore denies the same on that basis.

31.     Thom Browne denies the allegations in Paragraph 31.

32.     Thom Browne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32, and therefore denies the same on that basis.

33.     Thom Browne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33, and therefore denies the same on that basis.

34.     Thom Browne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34, and therefore denies the same on that basis.

35.     Thom Browne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35, and therefore denies the same on that basis.

36.     Thom Browne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36, and therefore denies the same on that basis.

### B.      Thom Browne's Infringing Conduct

37.      In answer to Paragraph 37, Thom Browne admits that it is known for its tailored clothing and admits that the images included are images of products that have been sold by Thom Browne.  Thom Browne denies the remaining allegations in Paragraph 37.

38.      In answer to Paragraph 38, Thom Browne admits that the products referenced in Paragraph 38 are not designed, manufactured, produced, distributed, marketed, promoted, offered for sale, or sold by adidas and that Thom Browne is not associated, affiliated, or connected with adidas, or licensed, authorized, sponsored, endorsed, or approved by adidas in any way.

39.      Thom Browne denies each allegation in Paragraph 39.

40.       Thom Browne admits that it entered into an agreement with FC Barcelona. Thom Browne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 40 and therefore denies the same.  The article attached as Exhibit 24 to the Complaint speaks for itself.

41.      Thom Browne admits that it filed Serial Nos. 88/794,885, 88/794,742, and 88/796,018 and that adidas filed an opposition at the Trademark Trial and Appeal Board (No. 91266495).  Thom Browne denies the remaining allegations.

42.      Thom Browne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42, and therefore denies the same on that basis.

43.      Thom Browne denies each allegation in Paragraph 43.

44.      Thom Browne denies each allegation in Paragraph 44.

45.      Thom Browne denies each allegation in Paragraph 45.

### C.   adidas's Lengthy Efforts to Resolve this Dispute Without Litigation

46.   Thom Browne admits that it filed a trademark application in the European Union in 2018 for the mark depicted in Paragraph 46.  Thom Browne denies the remaining allegations.

47.   Thom Browne admits that in 2018 the parties discussed a resolution of a dispute between them, but lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47, and therefore denies the same on that basis.

48.   In answer to paragraph 48, Thom Browne admits that Mr. Henn contacted James Donoian in February 2019, that Mr. Donoian responded in May 2019, and that Mr. Donoian referred Mr. Henn to Harley Lewin.  Thom Browne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, and therefore denies the same on that basis.

49.   Thom Browne admits that Thom Browne received a draft settlement agreement in October 2019 and that Mr. Lewin provided a response in December 2019.  Thom Browne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, and therefore denies the same on that basis.

50.   Thom Browne admits the allegations in Paragraph 50.

51.   Thom Browne admits the allegations in Paragraph 51.

52.   Thom Browne denies that there was a delay, denies that the mediator's actions necessitated the filing of this civil action, and admits the remaining allegations in Paragraph 52.

### FIRST CLAIM FOR RELIEF
### FOR TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT
### (15 U.S.C. § 1114)

53.   In answer to Paragraph 53, adidas incorporates by reference each and every admission, denial, and allegation set forth above in its response to Paragraphs 1 through 52 of the Complaint.

54.     Thom Browne denies each and every allegation in Paragraph 54.

55.     Thom Browne denies each and every allegation in Paragraph 55.

56.     Thom Browne denies each and every allegation in Paragraph 56.

57.     Thom Browne denies each and every allegation in Paragraph 57.

## SECOND CLAIM FOR RELIEF
## FOR UNFAIR COMPETITION UNDER THE LANHAM ACT
### (15 U.S.C. §1125(a))

58.     In answer to Paragraph 58, Thom Browne incorporates by reference each and every admission, denial, and allegation set forth above in its Paragraphs 1 through 57 of the Complaint.

59.     Thom Browne denies each and every allegation in Paragraph 59.

60.     Thom Browne denies each and every allegation in Paragraph 60.

61.     Thom Browne denies each and every allegation in Paragraph 61.

62.     Thom Browne denies each and every allegation in Paragraph 62.

## THIRD CLAIM FOR RELIEF FOR TRADEMARK DILUTION UNDER THE LANHAM ACT
### (15 U.S.C. §1125(c))

63.     In answer to Paragraph 63, Thom Browne incorporates by reference each and every admission, denial, and allegation set forth above in its Paragraphs 1 through 62 of the Complaint.

64.     Thom Browne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64, and therefore denies the same.

65.     Thom Browne denies each and every allegation in Paragraph 65.

66.     Thom Browne denies each and every allegation in Paragraph 66.

67.     Thom Browne denies each and every allegation in Paragraph 67.

### FOURTH CLAIM FOR RELIEF FOR INJURY TO BUSINESS REPUTATION AND DILUTION UNDER NEW YORK LAW
### (N.Y. GEN. BUS. LAW § 360-1)

68.     In answer to Paragraph 68, Thom Browne incorporates by reference each and every admission, denial, and allegation set forth above in its Paragraphs 1 through 67 of the Complaint.

69.     Thom Browne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69, and therefore denies the same on that basis.

70.     Thom Browne denies each and every allegation in Paragraph 70.

71.     Thom Browne denies each and every allegation in Paragraph 71.

72.     Thom Browne denies each and every allegation in Paragraph 72.

73.     Thom Browne denies each and every allegation in Paragraph 73.

### FIFTH CLAIM FOR RELIEF FOR NEW YORK COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

74.     In answer to Paragraph 74, Thom Browne incorporates by reference each and every admission, denial, and allegation set forth above in its response to Paragraphs 1 through 73 of the Complaint.

75.     Thom Browne denies each and every allegation in Paragraph 75.

76.     Thom Browne denies each and every allegation in Paragraph 76.

77.     Thom Browne denies each and every allegation in Paragraph 77.

78.     Thom Browne denies each and every allegation in Paragraph 78.

### PRAYER FOR RELIEF

1.     Thom Browne denies that Plaintiffs are entitled to the requested relief.

2.     Thom Browne denies that Plaintiffs are entitled to the requested relief.

3.     Thom Browne denies that Plaintiffs are entitled to the requested relief.

4.      Thom Browne denies that Plaintiffs are entitled to the requested relief.  This request for relief has been stricken by the Court.

5.      Thom Browne denies that Plaintiffs are entitled to the requested relief.

6.      Thom Browne denies that Plaintiffs are entitled to the requested relief.

7.      Thom Browne denies that Plaintiffs are entitled to the requested relief.

8.      Thom Browne denies that Plaintiffs are entitled to the requested relief.

9.      Thom Browne denies that Plaintiffs are entitled to the requested relief.

10.      Thom Browne denies that Plaintiffs are entitled to the requested relief.

11.      Thom Browne denies that Plaintiffs are entitled to the requested relief.

## THOM BROWNE'S AFFIRMATIVE DEFENSES

Thom Browne asserts the following defenses to adidas' Complaint and reserves the right to amend its Answer with additional defenses in light of information obtained through further investigation and discovery. Nothing herein shall be construed as an admission or acknowledgement that Thom Browne bears the burden of proof as to any of the following defenses.

## FIRST AFFIRMATIVE DEFENSE
### (Laches, Acquiescence, and Estoppel)

In around 2007, adidas complained to Thom Browne about its use of three horizontal parallel bands on its clothing.  In response, without any admission of wrongdoing and with adidas' consent, Thom Browne changed from three horizontal parallel bands to four horizontal parallel bands.  Since 2009, Thom Browne has used four horizontal parallel bands on a wide variety of clothing.  From 2009 through 2018, adidas did not complain about Thom Browne's use of four horizontal parallel bands on clothing.  Throughout this period of time, on information and belief, there have been no instances of actual confusion between Thom Browne's use of four

horizontal parallel bands, and adidas' use of three stripes.  In view of the foregoing, adidas' claims in this action are barred by the doctrines of laches, acquiescence, and estoppel.

### SECOND AFFIRMATIVE DEFENSE
**(No Likelihood of Confusion)**

There is no likelihood of confusion between Plaintiffs' purported marks and the products identified in Paragraph 4 of the Complaint.

### THIRD AFFIRMATIVE DEFENSE
**(Non-Infringement)**

Thom Browne has not infringed, either directly, indirectly, contributorily, or vicariously, adidas purported Three-Stripe Mark as alleged in the complaint.

### FOURTH AFFIRMATIVE DEFENSE
**(No Unfair Competition)**

Thom Browne has not competed unfairly with adidas under 15 U.S.C. § 1125(a) or any other statute or law.

### FIFTH AFFIRMATIVE DEFENSE
**(No Dilution)**

Thom Browne's products identified in paragraph 4 of the Complaint do not dilute any purported trademark or trade dress rights of adidas.

### SIXTH AFFIRMATIVE DEFENSE
**(No Injury to Business Reputation and No Dilution under New York Law)**

Thom Browne's acts have not injured adidas' business reputation and have not diluted any purported trademark or trade dress rights of adidas' business reputation and have not diluted any purported trademark or trade dress rights of adidas under New York common law.

### SEVENTH AFFIRMATIVE DEFENSE
**(No New York Common Law Trademark Infringement and Unfair Competition)**

12

adidas has suffered no harm or damages and has not pledged facts sufficient to support a claim of trademark infringement or unfair competition under New York common law.

### EIGHTH AFFIRMATIVE DEFENSE
### (No Damages)

adidas has suffered no harm or damages as a result of any acts of Thom Browne and is therefore not entitled to any award of damages.

### NINTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

adidas will be unjustly enriched if permitted to recover on its Complaint.

### TENTH AFFIRMATIVE DEFENSE
### (No Injunctive Relief)

adidas is not entitled to injunctive relief because any alleged injury to adidas is not immediate or irreparable, and adidas has an adequate remedy at law.

### ELEVENTH AFFIRMATIVE DEFENSE
### (No Basis for Trebling or Punitive Damages)

adidas is barred from recovering treble or punitive damages because Plaintiffs have failed to allege facts sufficient to recover such damages.  At all times, Thom Browne has acted in good faith. An award of punitive damages requires clear and convincing evidence of fraud, oppression or malice. adidas has not and cannot make that showing against Thom Browne, and therefore, no basis for an award of punitive damage exists.

### TWELFTH AFFIRMATIVE DEFENSE
### (Aesthetic Functionality)

Stripes are aesthetically functional as applied to clothing, including, especially, sportswear and athletic clothing, and are used by third parties.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Certain adidas' Stripes Are Not Famous)

Certain iterations and placements of stripes by adidas are not well known by the public, or perceived or associated with adidas, and, as a result, the marks asserted by adidas in this action are not famous, and do not support a claim for dilution.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (adidas' Use of Stripes on Clothing and Footwear Has Not Been Exclusive)

Numerous third parties use stripes, in multiple variations and iterations, on clothing and footwear, such that consumers are accustomed to distinguishing between striped clothing and footwear. In addition, adidas has failed to police the market, and, as a result, has allowed third parties to use stripes on clothing and footwear, such that adidas' claims are barred in this action.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Thom Browne has not progressively encroached)

Thom Browne has manufactured, marketed and sold all types of apparel since at least the mid-2000s, including knitwear and athletic wear, and has not encroached into adidas' market. Any changes to Thom Browne's product line over the years has been natural and anticipated.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Thom Browne and adidas are not competitors)

Thom Browne and adidas operate in entirely separate markets, at vastly different price points, and are not competitors. As a result, consumers are not likely to be confused between Thom Browne's clothing and adidas' clothing.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

adidas' Complaint and each count asserted therein fails to state facts sufficient to constitute a claim for relief against Thom Browne.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Additional Defenses)

As discovery progresses, Thom Browne reserves the right to raise and assert further defenses after such defenses have been ascertained.

**WHEREFORE,** Defendant prays for judgment dismissing the complaint, for costs and disbursements, for an award of attorneys' fees, and such other and further relief as to the Court seems proper.

## COUNTERCLAIM OF THOM BROWNE, INC.

Defendant and Counterclaim Plaintiff, Thom Browne, Inc. ("Thom Browne" or "Counterclaim Plaintiff") by its undersigned attorneys, herein complains of Plaintiff and Counterclaim Defendant adidas AG ("adidas" or "Counterclaim Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1.     Thom Browne is an international, world-famous designer of clothing and accessories.  Its clothing became revered as a result of its highly distinctive tailoring and attention to detail.  In addition, Thom Browne has made use of a signature four band design ("Four band Design"), and grosgrain design (the "Grosgrain Design"), both of which are applied to clothing, fashion accessories, and footwear.

2.     In addition to being famous for its activewear and related accessories, adidas has achieved notoriety as an overzealous enforcer of its actual and perceived rights in its "Three-Stripe Mark."

3.     Thom Browne first found itself the subject of adidas' policing over a decade ago, when it was using a three band design on its suiting.  To avoid a dispute and without any admission of wrongdoing, Thom Browne ceased use of the three band design and subsequently adopted the Four Band Design.

4.      adidas is now, over ten years later, attempting to state causes of action for federal and common law trademark infringement, unfair competition, and dilution based on the amorphous definition of a "Three-Stripe Mark."

5.      Thom Browne has built its reputation on high end, tailored pieces.  Its sportswear collections carry on this reputation, and are therefore entirely unlikely to be confused with adidas' performance activewear and performance wear.

## THE PARTIES

6.      Defendant and Counterclaim Plaintiff Thom Browne is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 240 W. 35th Street, New York, New York 10001.

7.      On information and belief, Plaintiff and Counterclaim Defendant adidas AG is a joint stock company organized and existing under the laws of the Federal Republic of Germany, with a principal place of business at Postach 11230, D-91072 Herzogenaurach, Federal Republic of Germany.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over Thom Browne's Counterclaim pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1338.  Thom Browne's Counterclaim seeks cancellation of adidas' Registration No. 4,901,643, and this Court therefore has jurisdiction pursuant to 28 U.S.C. § 1338 and 15 U.S.C. § 1119.

9.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 and 1338, and 15 U.S.C. § 1121.

10.     This Court has personal jurisdiction over adidas and adidas has consented to personal jurisdiction in this district by filing its Complaint in this district.

11.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

16

## FACTS COMMON TO ALL COUNTS

12.     On June 28, 2021, adidas filed its Complaint against Thom Browne, asserting federal claims for (i) trademark infringement, (ii) unfair competition, (iii) trademark dilution, (iv) injury to business reputation and dilution under New York law, and (v) trademark infringement under New York common law, against Thom Browne's alleged encroachment into adidas by offering sportswear and athletic-styled footwear that adidas alleges is confusingly similar to adidas' Three-Stripe Mark, as detailed in Paragraph 37 of the Complaint (the "Accused Products").

13.     One trademark registration asserted by adidas in the Complaint is U.S. Trademark Registration No. 4,910,643, registered March 8, 2016, and depicted below:



14.     Thom Browne denies that the Accused Products infringe on any of adidas' rights.

15.     Since its founding in 2001, Thom Browne has achieved international fame and acclaim.  Thom Browne's clothing and accessories are renowned for its tailoring and craftsmanship, are sold to high end and often famous individuals, and cost several hundred to several thousand dollars per garment.

16.     Thom Browne's clothing and fashion accessories are also recognized through its signature four band design (the "Four Band Design") which it has used since at least as early as January 2009. This design is featured on the left side of Thom Browne's clothing, in a horizontal orientation, typically on a garment's leg or sleeve.

17.     Third parties have designed and sold clothing, footwear, and fashion accessories featuring decorative stripes for decades.  Because of stripes' numerous uses as fashion statements or informational indicators, consumers are accustomed to seeing stripes used on clothing sold by different manufacturers.

<u>**COUNT 1:**</u>
**(Cancellation of Federal Trademark Registration No. 4,910,643) (15 U.S.C. § 1119)**

Thom Browne incorporates herein by reference and realleges Paragraphs 1 through 17 hereof.

18.     On February 4, 2014, adidas AG applied to register with the U.S. Patent and Trademark Office ("USPTO") the below design mark for a wide variety of goods (the "Three-Quadrilaterals Design").



19.     In its original application, adidas AG did not include a textual description of the mark. In part due to adidas AG's failure to include this information, on July 9, 2014, the USPTO issued a provisional full refusal to extend protection to the mark. On January 3, 2014, adidas AG amended its application to include the following textual description: "The mark consists of three diagonal quadrilaterals positioned parallel to each other."

20.     On March 20, 2015, the USPTO again issued a refusal to extend protection to the mark on the basis that the mark was "merely a decorative or ornamental feature of the goods," and, therefore, did not function as an indicator of source.

21.     On September 1, 2015, adidas AG responded to the USPTO's refusal to extend protection ("Response"), arguing that the "3-Stripe Mark," defined therein specifically as the design mark shown in Registration No. 4,910,643, "is recognized worldwide as an iconic symbol

associated exclusively with the adidas brand" and "functions as an indicia of source and has done

so for more than half a century." In support of this assertion, adidas AG cites 19 of its other

trademarks explicitly featuring three "stripes" or "bands"—not quadrilaterals—including a

verbal trademark for "THE BRAND WITH THE THREE STRIPES." adidas further includes a

litany of photographs of various athletic products featuring a variety of three-stripe designs,

many of which do not include the Three-Quadrilaterals Design.

     22.     adidas AG did not specifically establish that the Three-Quadrilaterals Design is

perceived as an "indicia of source." Nearly all of the photographs of adidas goods included in the

Response show the word mark "adidas" and/or the "Badge of Sport" mark in addition to the

Three-Quadrilaterals Design, if they show the Three-Quadrilateral Designs at all. Examples of

photographs included in adidas AG's Response that fail to illustrate the Three-Quadrilaterals

Design shown in Registration No. 4,910,643 include:



23.     On March 8, 2016, the USPTO allowed registration of the mark without further comment.

24.     The Three-Quadrilaterals Design is merely ornamental and/or aesthetically functional as applied to the goods identified in Registration No. 4,910,643.

25.     Because the Three-Quadrilaterals Design is merely ornamental and/or aesthetically functional, the mark is not likely to be perceived by the consuming public as an identification of the source of the goods.

26.     As a mark that is merely ornamental and/or aesthetically functional, the Three-Quadrilaterals Design has not acquired secondary meaning as of the date of submission of this Counterclaim and is not entitled to a federal trademark registration. Registration No. 4,910,643 should not have been issued.

27.     15 U.S.C. § 1064 maintains that "any person who believes that he is or will be damaged . . . by the registration of a mark" may file a "petition to cancel a registration of a mark" "at any time if the registered mark … is functional."

28.     15 U.S.C. § 1119 provides the power for courts to "order the cancelation of registrations" in "any action involving a registered mark."

29.     Thom Browne believes it is likely to be damaged by maintenance of adidas AG's Registration No. 4,910,643 because adidas is asserting that registration against Thom Browne in this case in an effort to disrupt Thom Browne's business.

30.     Accordingly, maintenance of Registration No. 4,910,643 is contrary to law, and it should be cancelled pursuant to the Court's authority under 15 U.S.C. § 1119.

## **THOM BROWNE'S PRAYER FOR RELIEF.**

WHEREFORE, Thom Browne respectfully requests that the Court enter judgment in its favor as follows:

     a)      That the Complaint and each and every purported claim for relief be dismissed with prejudice against Defendant and Counterclaim Plaintiff Thom Browne and judgment be entered in Thom Browne's favor;

     b)      That the Court issues an order cancelling U.S. Trademark Registration No. 4,910,643 pursuant to its authority under 15 U.S.C. § 1119;

     c)      That the Court determine that this is an exceptional case under 15 U.S.C. § 1117(a) and award Thom Browne its attorneys' fees, costs, and disbursements;

     d)      That Thom Browne recover its costs of suit incurred herein; and

     e)      That the Court award Thom Browne such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

    Thom Browne respectfully demands a jury trial on all claims and issues so triable.

Date: May 5, 2022

                                */s/ Robert T. Maldonado*
                                Robert T. Maldonado (RM-7873)
                                rmaldonado@wolfgreenfield.com
                                Tonia A. Sayour (TS-7208)
                                tsayour@wolfgreenfield.com
                                WOLF, GREENFIELD, & SACKS, P.C.
                                605 Third Avenue, 25th Floor
                                New York, New York 10158
                                212.697.7890 Phone
                                617.646.8646 Fax

                                Quincy Kayton (QK-8826)
                                qkayton@wolfgreenfield.com
                                WOLF, GREENFIELD, & SACKS, P.C.
                                600 Atlantic Avenue
                                Boston, Massachusetts 02210
                                617.646.8000 Phone
                                617.646.8646 Fax

                                Harley I. Lewin (HL-1819)

LEWINCONSULT, LLC
72 Commercial Street #5
Portland, Maine 04101
Harley@LewinConsult.com
207-805-6884 Phone

*Attorneys for Thom Browne, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF).  Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

/s/ *Robert T. Maldonado*
Robert T. Maldonado