IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ADIDAS AMERICA, INC., an Oregon corporation; and ADIDAS AG, a foreign entity,<br><br>      Plaintiffs,<br><br>v.<br><br>THOM BROWNE, INC., a Delaware corporation,<br><br>      Defendant. | Civil Action No.  1:21-cv-05615-JSR-RWL |

**DEFENDANT THOM BROWNE PROPOSED VERDICT FORM**

## SPECIAL VERDICT FORM

**Instructions:** Please read and answer the questions below, beginning with Question 1. After you have answered each question, follow the instructions *in italics* that correspond to your answer. The instructions will either direct you to answer another question or direct you to stop.

Many of the questions below are intended to be answered in the table provided at TABLE 2, which you should reference as you answer the presented questions.

## SECTION 1 – REGISTERED TRADEMARKS

*Question 1.* adidas is pursuing trademark infringement claims for 19 registered trademarks. Those registered trademarks as shown in TABLE 1 and identified by alphabetical "Reg." letters A through S: e.g., "Reg. A," "Reg. B," etc.

Has adidas established by a preponderance of the evidence that any clothing items in each of the categories of clothing shown in TABLE 2 are likely to cause confusion with any one of the asserted adidas registered trademarks?

*If you answer YES to this question for a category of the accused clothing, then for each such category write at least one "Reg." letter or letters from TABLE 1 for a registered trademark that you find Thom Browne's clothing infringes under the Question 1 column. Proceed to Question 2.*

*If your answer to this question with regard to a category of clothing is NO, write NO under the Question 1 column.*

*If you answered NO for all categories, proceed to Question 3; otherwise, proceed to Question 2.*

*Question 2.* If you answered YES to any of the categories of clothing for Question 1, did adidas establish by a preponderance of the evidence that it was or may be harmed by that likelihood of confusion?

      *Circle only one:*      **YES**            **NO**

*Please proceed to Question 3.*

## <u>SECTION 2 – UNREGISTERED TRADEMARK INFRINGEMENT / UNFAIR COMPETITION</u>

*Question 3.* Has adidas shown by a preponderance of the evidence that all of its uses of three stripes on clothes and shoes have become distinctive through acquired "secondary meaning," and are recognized as trademarks by consumers, before Thom Browne began to market products bearing its Four-Bar Signature or Grosgrain Signature products?

   *Circle only one:*   **YES**     **NO**

 *If you answered YES, please proceed to Question 4.*

 *If you answered NO, please proceed to Question 6.*

*Question 4.* For all of the uses of three stripes on clothes and shoes where adidas has proven secondary meaning, has adidas established by a preponderance of the evidence that there is a likelihood of confusion with any of Thom Browne's accused products and that unregistered three stripe mark?

 *If YES, write YES under the Question 3 column on TABLE 2 for the category or categories of clothing where adidas has shown a likelihood of confusion.*

 *If NO, write NO under the Question 3 column on TABLE 2 for the category or categories of clothing where adidas has not shown a likelihood of confusion.*

 *If you answered NO for **every** category of clothing, please proceed to Question 6.*

*Question 5.* If you answered YES to any of the categories of clothing for Question 4, did adidas establish by a preponderance of the evidence that it was or may be harmed by the likelihood of that confusion?

   *Circle only one:*   **YES**     **NO**

*Please proceed to Question 6.*

## SECTION 3 – WILLFUL INFRINGEMENT

*Question 6.* If you answered YES to either Question 2 or 5, you must decide whether Thom Browne's infringement was willful or not willful.

Has adidas established by a preponderance of the evidence that Thom Browne's infringement was willful?

*Circle only one:*          **YES**                    **NO**

*Please proceed to Question 7.*

## SECTION 4 – FEDERAL DILUTION

*Question 7.* Has adidas shown by a preponderance of the evidence that all of its uses of three stripes on clothes and shoes that it accuses of being diluted became "famous" before Thom Browne's alleged use of the accused stripe designs began?

*Circle only one:*  **YES**  **NO**

*If you answered YES, please proceed to Question 8.*

*If you answered NO, please proceed to Question 10, skipping Questions 8-9.*

*Question 8.* For the uses of three stripes on clothes and shoes where adidas has proven fame, has adidas established by a preponderance of the evidence Thom Browne's accused products created a likelihood of dilution of that famous use?

*If YES, write YES under the Question 8 column on TABLE 2 for the category or categories of clothing where adidas has shown a likelihood of dilution.*

*If NO, write NO under the Question 8 column on TABLE 2 for the category or categories of clothing where adidas has not shown a likelihood of dilution.*

*If you answered NO for **every** category of clothing in Question 8, please proceed to Question 10.*

*Otherwise, if you answered YES for any category of clothing in Question 8, please proceed to Question 9.*

## SECTION 5 – WILLFUL DILUTION

*Question 9.* If you answered YES to Question 8, you must decide whether Thom Browne's dilution was willful or not willful.

Has adidas established by a preponderance of the evidence that Thom Browne's dilution was willful?

*Circle only one:*      **YES**                **NO**

**SECTION 6 - NEW YORK INJURY TO BUSINESS REPUTATION AND DILUTION**

*Question 10*. If you answered YES to *Question 3*, please also answer the following question; if you answered NO to *Question 3*, please proceed directly to *Question 12*.

For the uses of three stripes on clothes and shoes where adidas has proven secondary meaning, has adidas established by a preponderance of the evidence that there is a likelihood of confusion with any of Thom Browne's accused products and that unregistered three stripe mark?

*If YES, write YES under the Question 10 column on TABLE 2 for the category or categories of clothing where adidas has shown a likelihood of confusion.*

*If NO, write NO under the Question 10 column on TABLE 2 for the category or categories of clothing where adidas has not shown a likelihood of confusion.*

*If you answered NO for **every** category of clothing, please proceed to Question 12.*

*Question 11*. If you answered YES to Question 10 for any category of clothing, you must decide whether Thom Browne acted in bad faith in adopting the designs that are likely to cause consumer confusion.

Has adidas established by a preponderance of the evidence that Thom Browne's adoption of the designs was in bad faith?

*Circle only one:*          **YES**                    **NO**

## SECTION 7 – ACTUAL DAMAGES

*Question 12*. *Only answer this Question 12, if you answered YES to Questions 2, 5, or 9.*

Did adidas establish by a preponderance of the evidence that it is entitled to recover actual damages?

*Circle only one:*           **YES**                **NO**

*If you answered YES, please proceed to Question 13.*

*If you answered NO, please proceed to Question 14.*


*Question 13*. If you answered YES to Question 12, understanding that the parties agree that if adidas and Thom Browne would have agreed to license the asserted adidas trademarks at the time infringement began, they would have agreed to a royalty rate of 8% for wholesale sales and 3.1% for retail and e-commerce sales, what amount of actual damages is adidas entitled to recover?

*Answer:* _____

## **SECTION 8 – DISGORGEMENT OF PROFITS**

*Question 14*. If you answered YES to Questions 2, 5 <u>or</u> 9, did adidas establish that it is entitled to recover all or a portion of Thom Browne's profits due to Thom Browne's infringement of adidas's asserted trademarks, or willful dilution of adidas's asserted trademarks?

        *Circle only one:*     **YES**          **NO**

   *If you answered YES, please proceed to Question 15.*


*Question 15*. If you answered YES to the previous question, what amount of Thom Browne's profits is adidas entitled to recover?

        *Answer:* _____

## SECTION 9 – PUNITIVE DAMAGES

*Question 16*. If you answered YES to Questions 11, did adidas establish by clear and convincing evidence that Thom Browne's acts that caused adidas harm were wanton and willful, or otherwise represent a high degree of immorality?

*Circle only one:*     **YES**          **NO**

*If you answered YES, please proceed to Question 17.*

*If you answered NO, please proceed to Question 18.*

*Question 17*. If you answered YES to the previous question, what amount of punitive damages should be awarded to adidas?

*Answer:* _____

## SECTION 10 - LACHES

*Question 18*. Did Thom Browne prove by a preponderance of the evidence that adidas knew or should have known that adidas had a provable claim of infringement against Thom Browne on or before May 2012?

*Circle only one:*  **YES**  **NO**

*If you answered YES, please skip questions 19 & 20, and have each juror sign the last page of this verdict and return it to the Marshal in a sealed envelope.*

*If you answered NO, please proceed to Question 19.*

*Question 19*. Did Thom Browne prove by a preponderance of the evidence that adidas unreasonably and inexcusably delayed in taking action against Thom Browne?

*Circle only one:*  **YES**  **NO**

*After answering, please proceed to question 20.*

*Question 20.* Did Thom Browne prove by a preponderance of the evidence that Thom Browne was materially prejudiced by adidas' delay?

*Circle only one:*  **YES**  **NO**

*You have now completed the verdict form. Please have each juror sign the last page of this verdict and return it, including TABLE 2, to the Marshal in a sealed envelope.*

Each juror should place his or her signature on the lines below.

I attest that the foregoing accurately reflects the jury's decision.

1.   _____
     Foreperson

2.   _____

3.   _____

4.   _____

5.   _____

6.   _____

7.   _____

8.   _____


Dated: _____, 2023

*You are finished. Please provide this completed form in a sealed envelope to the Marshal.*

# TABLE 1

# ADIDAS REGISTERED TRADEMARKS

| TABLE 1 - adidas Registrations | | |
|---|---|---|
| Reg. No. 3,183,656 **(Reg. A)**<br> | Reg. No. 2,058,619 **(Reg. G)**<br> | Reg. No. 1,815,956 **(Reg. M)**<br> |
| Reg. No. 3,236,505 **(Reg. B)**<br> | Reg. No. 870,136 **(Reg. H)**<br> | Reg. No. 1,833,868 **(Reg. N)**<br> |
| Reg. No. 3,183,663 **(Reg. C)**<br> | Reg. No. 2,278,591 **(Reg. I)**<br> | Reg. No. 3,029,129 **(Reg. O)**<br><br>Reg. No. 3,029,135 **(Reg. P)**<br> |
| Reg. No. 2,016,963 **(Reg. D)**<br> | Reg. No. 2,284,308 **(Reg. J)**<br> | Reg. No. 2,278,589 **(Reg. Q)**<br> |
| Reg. No. 3,029,127 **(Reg. E)**<br> | Reg. No. 870,136 **(Reg. K)**<br> | Reg. No. 2,909,861 **(Reg. R)**<br> |
| Reg. No. 3,087,329 **(Reg. F)**<br> | Reg. No. 4,910,643 **(Reg. L)**<br> | Reg. No. 2,999,646 **(Reg. S)**<br> |

TABLE 2 - TRADEMARK INFRINGEMENT / COMMON LAW / DILUTION

# TABLE 2

# UNREGISTERED TRADEMARK INFRINGEMENT / COMMON LAW / DILUTION

TABLE 2 - TRADEMARK INFRINGEMENT / COMMON LAW / DILUTION

| Category of Accused Products | Exemplary Images of Categories of Accused Products | Question 1: Registered Trademarks | Question 3: Unregistered Trademark / Common Law | | Question 8: Federal Dilution | | Question 10: NY Business Reputation and Dilution | |
|---|---|---|---|---|---|---|---|---|
| | | If YES, identify Reg. Letter of Infringed Registration(s) | **Yes** adidas | **No** Thom Browne | **Yes** adidas | **No** Thom Browne | **Yes** adidas | **No** Thom Browne |
| Jackets with Four Bars |  | | | | | | | |
| Knit Shirts and Tee Shirts with Four Bars |  | | | | | | | |
| Polo Shirts with Four Bars on Collar |  | | | | | | | |
| Polo Shirts with Four Bars on Side |  | | | | | | | |

TABLE 2 - TRADEMARK INFRINGEMENT / COMMON LAW / DILUTION

| Category of Accused Products | Exemplary Images of Categories of Accused Products | Question 1: Registered Trademarks | Question 3: Unregistered Trademark / Common Law | | Question 8: Federal Dilution | | Question 10: NY Business Reputation and Dilution | |
|---|---|---|---|---|---|---|---|---|
| | | If YES, identify Reg. Letter of Infringed Registration(s) | **Yes** adidas | **No** Thom Browne | **Yes** adidas | **No** Thom Browne | **Yes** adidas | **No** Thom Browne |
| Mesh Shirts with Four Bars |  | | | | | | | |
| Sweatshirts with Four Bars |  | | | | | | | |
| Compression Shirts with Four Bars |  | | | | | | | |
| Classic Running Shorts with Four Bars |  | | | | | | | |

TABLE 2 - TRADEMARK INFRINGEMENT / COMMON LAW / DILUTION

| Category of Accused Products | Exemplary Images of Categories of Accused Products | Question 1: Registered Trademarks | Question 3: Unregistered Trademark / Common Law | | Question 8: Federal Dilution | | Question 10: NY Business Reputation and Dilution | |
|---|---|---|---|---|---|---|---|---|
| | | If YES, identify Reg. Letter of Infringed Registration(s) | **Yes** adidas | **No** Thom Browne | **Yes** adidas | **No** Thom Browne | **Yes** adidas | **No** Thom Browne |
| Compression Pants with Four Bars |  | | | | | | | |
| Ripstop Pants and Sweatpants with Four Bars |  | | | | | | | |
| Sweatshorts and Swim Trunks with Four Bars |  | | | | | | | |
| Mini Skirts with Four Bars |  | | | | | | | |
| Shoes with Four Bars |  | | | | | | | |

TABLE 2 - TRADEMARK INFRINGEMENT / COMMON LAW / DILUTION

| Category of Accused Products | Exemplary Images of Categories of Accused Products | Question 1: Registered Trademarks | Question 3: Unregistered Trademark / Common Law | | Question 8: Federal Dilution | | Question 10: NY Business Reputation and Dilution | |
|---|---|---|---|---|---|---|---|---|
| | | If YES, identify Reg. Letter of Infringed Registration(s) | **Yes** adidas | **No** Thom Browne | **Yes** adidas | **No** Thom Browne | **Yes** adidas | **No** Thom Browne |
| Sweatpants, Ripstop Pants, Sweatshorts, and Swim Shorts with Grosgrain Ribbon |  | | | | | | | |
| Polo Shirts and Sweatshirts with Grosgrain Ribbon on Sleeve |  | | | | | | | |
| Shoes with Grosgrain Ribbon on Side of Upper |  | | | | | | | |

Date: December 27, 2022

/s/ Robert T. Maldonado
Robert T. Maldonado (RM-7873)
rmaldonado@wolfgreenfield.com
Tonia A. Sayour (TS-7208)
tsayour@wolfgreenfield.com
Aya Cieslak-Tochigi(AC-6268)
acieslak-tochigi@wolfgreenfield.com
WOLF, GREENFIELD, & SACKS, P.C.
605 Third Avenue, 25th Floor
New York, New York 10158
212.697.7890 Phone
617.646.8646 Fax

Bryan S. Conley (*pro hac vice*)
bconley@wolfgreenfield.com
John L. Strand (*pro hac vice*)
jstrand@wolfgreenfield.com
Marie A. McKiernan (*pro hac vice*)
mmckiernan@wolfgreenfield.com
Quincy Kayton (*pro hac vice*)
qkayton@wolfgreenfield.com
WOLF, GREENFIELD, & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
617.646.8000 Phone
617.646.8646 Fax

Harley I. Lewin (HL-1819)
LEWINCONSULT, LLC
72 Commercial Street #5
Portland, Maine 04101
Harley@LewinConsult.com
207-805-6884 Phone

*Attorneys for Thom Browne, Inc.*

## **CERTIFICATE OF SERVICE**

  I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF).  Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.


         */s/ Robert T. Maldonado*
         Robert T. Maldonado